Sherman H. Skolnick and Peter S. Sarelas, Plaintiffs-Appellants, v. Oscar M. Nudelman, Defendant, and Harry G. Fins, Defendant-Appellee.

Gen. No. 50,934.

First District, Second Division.

June 7, 1966.

Sherman H. Skolnick, pro se, of Chicago, appellant; Peter S. Sarelas, pro se, of Chicago, appellant.

Harry G. Fins, pro se, of Chicago, appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

This appeal is taken from a summary judgment entered in favor of defendant Fins and against plaintiffs Skolnick and Sarelas. The appeal was originally filed in the Supreme Court, but was transferred to this court for lack of a substantial constitutional question. (Skolnick v. Nudelman, Ill S Ct, Gen No. 39210 Sept 28, 1965.)

It appears that prior to October 1962, plaintiff Skolnick was represented by plaintiff Sarelas in three law suits, one in the Superior Court of Cook County and two in the United States District Court. One of the cases in the United States District Court was evidently dismissed, and on October 31, 1962, plaintiff Skolnick wrote a letter to defendant Nudelman, the then President of The Decalogue Society of Lawyers, stating that Skolnick was referred to Nudelman by another attorney,

and requesting Nudelman to read and consider four documents relating to the Federal Court action which had been dismissed, namely Skolnick's complaint, the transcript of proceedings, a letter from the Chairman of the United States House of Representatives Judiciary Committee and several pages from defendant's answer filed in that action. It further appears that Nudelman gave the letter and the documents to defendant Fins for Fins' consideration, and that both defendants had a conversation concerning the matter on November 2nd.

Plaintiffs filed this action against defendants on December 13, 1963, alleging (1) a conspiracy between defendants to interfere in the attorney-client relationship of plaintiffs, (2) a conspiracy between defendants to slander the name and reputation of plaintiff Sarelas as an attorney and a person, and (3) a conspiracy between defendants to interfere with plaintiff Skolnick's civil rights as a litigant and a witness in two law suits pending in the United States District Court.

The complaint alleged, with respect to the slander conspiracy, that in December of 1962 and January of 1963, Nudelman spoke to Skolnick on the telephone and told Skolnick that Sarelas was "a nut," that Sarelas was "not equipped to handle cases" such as Skolnick's, and that Fins could better handle Skolnick's cases. The complaint alleged, with respect to the interference with contract conspiracy, that on July 10, 1963, Fins stated to Sarelas that Sarelas' client would lose his lawsuit unless Sarelas abandoned the suit, that Fins knew "all about your deposition case, I know all about it," and that Fins stated to Sarelas that he would lose his lawsuits unless he used Fins' systems and services of Appellate practice. The complaint finally alleged, with respect to the conspiracy to interfere with Skolnick as a litigant and a witness, that in December of 1962 and January of 1963, Nudelman spoke to Skolnick on the

426

telephone saying that "they'd do a real job on you. . . . When they finished with you, well you'd be sorry you started with bailiffs," and that "Fins could handle everything."

On March 30, 1964, defendant Fins filed a motion for summary judgment supported by affidavits and exhibits. Fins' affidavit alleged, inter alia, that Nudelman turned over Skolnick's letter to Fins for Fins' opinion as to whether the decision of the Federal Court was proper and correct, that Fins and Nudelman had a conversation concerning the matter on November 2, 1962, and that no conversation was thereafter held between defendants concerning either Skolnick or Sarelas. A photostatic copy of Skolnick's letter was attached as an exhibit to the motion for summary judgment.

On June 16, 1964, summary judgment was entered for defendant Fins, and plaintiffs thereafter filed a timely motion to vacate the judgment. On November 18, over five months after the summary judgment order had been entered, plaintiffs filed a motion to file an amended complaint. The amended complaint was directed at Fins, and contained allegations identical to the allegations in the original complaint, in addition to a new allegation concerning the letter from Skolnick to Nudelman and its alleged relationship to the alleged conspiracy. On November 20th, the trial court denied both the plaintiffs' motion to vacate the summary judgment and their motion to file the amended complaint.

■ Plaintiffs first maintain that they were deprived of due process of law, equal protection of the law and their rights to a jury trial, by reason of the fact that the trial court entered summary judgment in favor of Fins. No constitutional question is presented, however, since the only question here is whether an issue of fact existed to be tried by a jury. Unless a "genuine issue as to any material fact" is presented by "the pleadings,

depositions, and admissions on file, together with the affidavits, if any," summary judgment shall be granted in favor of the moving party. Ill Rev Stats 1963, c 110, § 57. No issue of fact is tried in a summary judgment proceeding, as plaintiffs maintain, but the summary judgment procedure is employed to determine whether a genuine issue of material fact exists and whether a trial should consequently be had. Proceeding to trial where no genuine issue of material fact is involved would be both frivolous and wasteful. Gass v. Carducci, 52 Ill App2d 394, 202 NE2d 73; Kruse v. Streamwood Utilities Corp., 34 Ill App2d 100, 180 NE2d 731. Unless plaintiffs' complaint and defendant Fins' affidavits and exhibits appended to his motion for summary judgment raised a genuine issue of material fact, the trial court properly granted the motion for summary judgment.

At the outset it must be borne in mind that the allegations of the existence of a conspiracy does not of itself constitute an allegation of an actionable wrong upon which liability for damages may be predicated. Rather, it is the wrongful act sought to be accomplished by the alleged conspiracy which may result in liability. Dean v. Kirkland, 301 Ill App 495, 23 NE2d 180; Montgomery Ward & Co. v. United Retail, Wholesale & Department Store Employees, 400 Ill 38, 79 NE2d 46. See also 16 Am Jur2d, Conspiracy, §§ 43–55. Furthermore, it is well settled that an actionable wrong cannot be made out by the vituperous and "profuse interpolation of adjectives characterizing the act to be done" as wrongfully done. See Sulinski v. Humboldt & Wabansia Bldg. Corp., 315 Ill App 392, 402, 43 NE2d 181. The pleading of conclusions alone will not suffice for the factual allegations upon which a cause of action must be based. Sulinski v. Humboldt & Wabansia Bldg. Corp., 315 Ill App 392, 402, 43 NE2d 181.

428

■ The allegations of the alleged conspiracy in all three counts of the complaint consist solely of conclusions and "vituperous and profuse interpolation of adjectives." Count I charges that "the defendant Oscar M. Nudelman, in combination with defendant, Harry G. Fins, who is professedly an attorney, and in furtherance of a conspiracy to malignantly and wantonly intermeddle with and intentionally interfere with, obstruct, and destroy the aforesaid contractual relationship between the plaintiff, Sherman H. Skolnick and the plaintiff, Peter S. Sarelas; that the said defendant, Oscar M. Nudelman, actively conducted defamation-mongering and rumor-spreading so as to discredit, hinder, and destroy the plaintiff. . . ." Count I then proceeds to set out statements allegedly made by Nudelman to Skolnick concerning Sarelas' reputation as a person and an attorney. There is no allegation of any statement having been made by Fins directly to any person, other than an allegation based upon hearsay. Plaintiffs attempt to involve Fins in the slander count by way of alleging the conspiracy, thereby attempting to attribute to Fins the remarks allegedly made by Nudelman concerning Sarelas. However, as stated above, the allegations relating to the alleged conspiracy are merely conclusions of the pleaders and are in no way based on any fact tending to show such conspiracy.

■ Count III restates the conspiracy allegations of Count I and further alleges that "the defendant Oscar M. Nudelman, in combination with defendant, Harry G. Fins, intimidated, threatened and deterred the plaintiff, Sherman H. Skolnick, as a party-litigant and witness in the federal courts in two certain pending lawsuits. . . ." Count III then proceeds to set out only what Nudelman allegedly said to Skolnick in this regard. Again, Count III contains no allegation of fact upon which a conspiracy could be based, nor any allegation that Fins

made any statement to Skolnick or any one else in this regard. Count III makes out no cause of action against Fins.

■ Count II restates many of the allegations of Count I and further alleges statements made by Fins directly to Sarelas upon which the claim of interference with contract is based. However, these remarks, that Sarelas drop his lawsuits, that Sarelas employ Fins' Appellate practice procedures, that Fins was assisting Sarelas' opponents in those lawsuits in order to defeat Sarelas, and the like, are merely statements generally made by opposing attorneys to one another, and clearly do not constitute actionable wrongs. Furthermore, the fact that Nudelman, an attorney, sought the advice of Fins, another attorney, relative to Skolnick's letter, does not constitute an actionable wrong.

With regard to plaintiffs' allegation that Fins intermeddled in other of plaintiffs' lawsuits, thereby committing the offenses of champerty and maintenance, the facts alleged show only that Fins stated he was "assisting" plaintiffs' opponents in those cases. At best, this allegation falls within the interference with contract allegation contained in Count II of the complaint, which has been dealt with above.

An analysis of all three counts of the complaint, together with Fins' motion for summary judgment, shows that no "genuine issue as to any material fact" was raised which would have required a trial by jury. The trial court correctly entered summary judgment for defendant Fins against both plaintiffs.

■ Plaintiffs further contend that they were denied due process of law and equal protection of the laws, because "the record does not disclose that the proceedings were in open court . . . and were in fact in chambers and *in camera.*" No constitutional question is presented by this contention. Furthermore, plaintiffs point to no

fact in the record which in any way indicates the proceedings below were not held in open court or were improper in any respect. Upon appeal, every reasonable intendment not negatived by the record will be indulged in support of the judgment. Union Drainage Dist. No. 5 v. Hamilton, 390 Ill 487, 61 NE2d 343; King v. City of Chicago, 53 Ill App2d 484, 202 NE2d 839.

■ Plaintiffs finally maintain the trial court committed error in denying their motion to file the amended complaint. However, this motion was filed some five months after the entry of the summary judgment; furthermore, the amended complaint was practically identical to the original complaint and the numerous motions and counter-suggestions filed thereafter by plaintiffs. The only new matter raised in the amended complaint was that the letter from Skolnick to Nudelman was used "to set in motion, or to trigger off a natural conspiracy between" the defendants. This matter is again conclusion and speculation, unsupported by any factual allegation. The trial court, in its discretion, properly denied plaintiffs' motion to file the amended complaint.

The judgment is affirmed.

Judgment affirmed.

BRYANT, P. J. and LYONS, J., concur.