WINDSOR DEVELOPMENT CO., INC., Plaintiff-Appellee, *v.* MORT A. SEGAL *et al.*, Defendants-Appellants.

(No. 11825;

Fourth District—March 7, 1973.

Donald M. Tennant, of Champaign, for appellants.

Robert N. Corley, of Urbana, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

On July 16, 1971, Plaintiff-Appellee, Windsor Development Co. Inc., filed its Complaint and Confession on Judgment Note based upon a note payable to Bash and Lambert, Inc. The note was signed by Mort A. Segall, the appellant, and Nancy R. Segall who does not join in this appeal. On the same day judgment in the sum of $2,891.22 was entered by confession against appellant and against Nancy R. Segall. On September 22, 1971, the appellant filed a motion on behalf of himself only, to open the judgment and tendered an Answer to the Complaint. The only ground urged in the Motion was that the appellant was not indebted to the plaintiff and that the note upon which the judgment was based "shows on its face" that he was not so indebted. The tendered Answer denied that plaintiff owned the note in question, that the note was executed in Champaign County, or that a defendant resided in that County, or that real or personal property owned by a defendant was located in Champaign County. This initial Motion to Open was filed by appellant *pro se* and the pleading reveals that he is an attorney with an office address in Champaign, Illinois. It also appears that the note in question was secured by a second mortgage on premises owned by appellant and located in Champaign, Illinois.

On October 4, 1971, the plaintiff filed objections to appellant's Motion to Open. It pointed out that defendant's motion did not deny that he had executed and delivered the note in question nor that he owed the amount of $2,038.02 on principal and $467.64 in interest on the note, and in support of its allegation of ownership of the note stated it had acquired the note by assignment from the original payee. The affidavit also set forth that the assignment had been made on March 30, 1967, for full consideration and that appellant had been informed, on several occasions by means of statements and by other means, that the assignment had been made. The pleading also stated that appellant was in possession of this information at the time he filed his Motion to Open.

On November 23, 1971, an entry of appearance of counsel for appellant was filed and on the following day, November 24, 1971, a second entry of appearance, by the same attorney, was filed. On the same day the court set the Motion to Open for hearing on November 29, 1971, at 9:30 A.M. On November 29, 1971, plaintiff's counsel appeared, the appellant

did not appear nor did his attorney. There is no contention that appellant and his counsel were unaware of the Court's order setting the motion. The Court's ruling, on November 29th, was "* * * this cause coming on for hearing on motion of Defendants for leave to open judgment and for leave to file answer to Complaint, and objections thereto, upon consideration thereof, said motion is by the Court denied."

On December 2, 1971, appellant filed a Motion for Leave to File First Amended Motion to Open Judgment and For Leave to File Answer to Complaint and Third Party Complaint, to which motion was appended an answer and Third Party Complaint. It would unduly prolong this opinion to detail the "First Amended Motion to Open Judgment" and the pleadings attached. In essence appellant alleged that the original payee on the note in question, Bash and Lambert, Inc., had, in 1964, agreed to sell him a lot and, apparently, to complete construction of a residence thereon. He admitted execution and delivery of the note in question in payment of the balance of the purchase price but argues that the construction of the house was improperly done in many details and that as a result he sustained damages in excess of the amount due on the note in question. The Third-Party Complaint tendered was directed against Bash and Lambert, Inc., and sought damages allegedly resulting from the improper construction.

On December 6, 1971, the Court set this latter motion for hearing and on January 6, 1972, entered an order finding that the Motion was not diligently filed as required by Supreme Court Rule 276, found that the matters in the Amended Motion should have been presented in the original motion and further finding that the original motion is *res judicata* as to matters contained therein or which could have been so contained. The trial judge then denied the amended motion to open and noted that this ruling in no way affected appellant's right to bring his suit against Bash and Lambert, Inc.

The order appealed from is the order entered January 6, 1972. No appeal is, or was, taken from the order of November 29, 1971, denying appellant's original motion to open.

Appellee argues that the First Amended Motion to Open and the Answer and Third Party Complaint do not establish a defense to the note, but rather constitute set offs or counterclaims which can be pleaded only *after* the judgment is opened and in support of this contention cites Supreme Court Rule 276 and the historical and practice notes appended thereto in the Annotated Statutes. Both appellee and appellant argue the *res judicata* issue. We dispose of the case on another ground, urged by appellee, and therefore perceive no purpose in discussing these contentions.

■■ The trial judge found lack of diligence on the part of appellant, and with this we agree. The Rule requires, as a prerequisite to the opening of a judgment, that the defendant establish that "* * * he has been diligent in presenting his motion to open the judgment, * * *". The original Motion to Open is totally devoid of any showing of diligence. It was filed more than two months after the entry of judgment. There was no statement either in that motion nor in the supporting affidavit to the effect that appellant had only recently become aware of the judgment prior to filing the motion, no allegation that he had been lulled into sitting on his rights by any act of the plaintiff nor was there any appeal from the court's order of November 29, 1971, nor any motion to vacate the order. The First Amended Motion was filed some four months after the judgment was entered and sought to "amend" a motion previously denied. As was true of the original motion and affidavit there is not one shred of evidence to support a finding of diligence on the part of appellant. In the absence of such an affirmative showing, the lapse of time in itself is indicative of lack of diligence and supports the judgment of the Court. *Wolfe v. Endres*, 113 Ill.App.2d 96, 251 N.E.2d 740; *Weitendorf v. Setina*, 57 Ill.App.2d 253, 205 N.E.2d 806.

■■ A motion to open up a judgment by confession is addressed to the sound discretion of the court and its order thereon will be reversed only for an abuse of such discretion. (*First National Bank of Elgin v. Husted*, 57 Ill.App.2d 227, 205 N.E.2d 780; *Pirie v. Carroll*, 28 Ill.App.2d 181, 171 N.E.2d 99.) We find no abuse of discretion in the refusal of the trial court to open the judgment on appellant's First Amended Motion to Open and the judgment is therefore affirmed.

Judgment affirmed.

CRAVEN, P. J., and SMITH, J., concur.