Dale M. Bayles, Plaintiff-Appellee, *v.* Jerry E. Bennett, Defendant-Appellant.

Helen Lee Cavins, Plaintiff-Appellee, *v.* Jerry E. Bennett, Defendant-Appellant.

(Nos. 12391, 12392 cons.; )

Fourth District—September 19, 1974.

S. John Muller, of Muller & Komada, of Charleston, for appellant.

Jack H. Anderson, of Anderson Law Offices, and William A. Sunderman, both of Charleston, for appellees.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

These cases were consolidated for purpose of oral argument and are hereby consolidated for purpose of opinion as the issue involved is precisely the same in each case. In each case, the defendant filed a motion

to open a judgment by confession and a motion to be awarded attorney fees and expenses. Both motions were denied by the trial court. We affirm.

In 1964, Dale M. Bayles, Frank V. Cavins and Jerry E. Bennett entered into a partnership agreement to establish a business entitled "Cavins & Bayles on Campus". On July 16, 1970, the three partners executed a $5,000 promissory note payable to Dale M. Bayles. On August 19, 1970, the three partners executed a $5,000 promissory note payable to Helen Lee Cavins, the wife of partner Frank V. Cavins. Both notes were signed on their face with the partnership name and followed by the signatures of each of the three partners without designating any representative capacity. Judgment was confessed on the Bayles' note for $4,440.58 and on the Cavins' note for $4,418.14. Within an appropriate time the defendant filed his motion to open each judgment and attached his affidavit stating that the note was executed on behalf of the partnership and that the amount claimed by the plaintiffs in each case should have been paid by said partnership as a partnership obligation and that the plaintiffs did or should have known this. The partnership agreement was attached to the affidavit. Plaintiffs attacked the defendant's affidavit as insufficient because it was conclusionary and failed to allege a meritorious defense to any part of the judgment. Further pleadings need not to be discussed other than to say that the defendant filed a motion for attorney fees and expenses pursuant to section 41 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 41), stating that the action of the plaintiffs' attorney constituted bad faith and harassment within the meaning of that statute. Under both the motion to open up the judgment and the motion to allow attorney fees and costs under the stated statute, the sole issue is did the trial court abuse its discretion by denying each motion? We answer that question in each case as to each motion "No."

■■ Under the provisions of Supreme Court Rule 276 (Ill. Rev. Stat. 1971, ch. 110A, par. 276), a motion to open a judgment by confession must disclose a prima facie defense on the merits to a whole or a part of the plaintiff's demands and if it does, the motion shall be set down for hearing. If at that hearing it appears that the defendant has a defense on the merits to the whole or a part of the plaintiff's demands, and has been diligent in presenting it, the court shall sustain the motion either as to the whole of the judgment or as to any part thereof as to which a good defense has been shown and there shall then be a trial upon the complaint. Such a motion is addressed to the sound discretion of the court and its order will only be reversed for an abuse of such discretion. (*Windsor Development Co. v. Segal,* 10 Ill.App.3d 322, 293 N.E.2d 719.) Controverted questions of fact cannot be considered. (*Larsh v. Green Gold Farms, Inc.,* 68 Ill.App.2d 113, 214 N.E.2d 924.) The motion is

addressed to the sound legal discretion of the court and must be considered under liberal equitable principles. *National Boulevard Bank v. Corydon Travel Bureau, Inc.,* 95 Ill.App.2d 281, 238 N.E.2d 81.

■■ In the case at bar, we have joint and several notes. Whether or not on an accounting or on an action for indemnification this defendant may recover from his co-maker partners is likewise immaterial. The action we consider is on a promissory note and it is no defense to say the partnership owes the note where there is an unconditional joint and several promises to pay as there was in each of these notes. The three makers did not purport to sign in a representative capacity or in any way limit their personal liability to the individual payees. Even if the instrument is by its terms limited to payment out of the entire assets of a partnership "* * * by or on behalf of which the instrument is issued," such limitation is immaterial. (Ill. Rev. Stat. 1971, ch. 26, par. 3—105.) In addition, section 15 of the Uniform Partnership Act (Ill. Rev. Stat. 1971, ch. 106½, par. 15) states:

"All partners are liable

(a) Jointly and severally for everything chargeable to the partnership under Sections 13 and 14.

(b) Jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract."

The facts stated in the affidavit of the defendant even if believed and testified to on a trial of the case on the merits would not constitute a defense in whole or in part to the defendant's primary liability on the note.

■■ As to the defendant's motion for attorney fees and expenses for untrue allegations made in bad faith without reasonable cause in violation of section 41 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 41), is likewise for the discretionary determination of the trial court. (*Horween v. Dubner,* 68 Ill.App.2d 309, 216 N.E.2d 288.) An examination of the record in each of these cases indicates that there was no abuse of discretion in regard to the alleged bad faith of the plaintiffs in initiating and pursuing the instant action.

The judgment of the trial court in each case is accordingly affirmed.

Affirmed.

CRAVEN and SIMKINS, JJ., concur.