DAVID ALSWANG, Plaintiff-Appellant, *v.* FANNIE T. CLAYBON, Defendant-Appellee.

First District (5th Division)   No. 62550

Opinion filed June 25, 1976.

David Alswang, *pro se*, and Samuel S. Siegel, of Chicago, for appellant.

George B. Collins, of Collins & Amos, of Chicago, for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Plaintiff appeals from an order dismissing Count II of his complaint and from a denial of his motion for fees and costs brought under section 41 of the Civil Practice Act. Ill. Rev. Stat. 1973, ch. 110, par. 41.

Count I of plaintiff's complaint alleged that defendant was indebted to him in the amount of $2,578.75 as the balance due for legal services

provided during the course of the prosecution of certain actions on her behalf and in the defense of defendant from a criminal charge of forgery.

Count II alleged that defendant, with the sole intent of maliciously prejudicing plaintiff's professional standing, brought a complaint against him to the Attorney Registration and Disciplinary Commission charging him with fraud and unethical conduct. It was further alleged that he was forced to appear before the Commission on at least two occasions, that he was required to expend considerable time and effort in preparing his defense and that ultimately the Commission dismissed defendant's complaint. Plaintiff claims he is entitled to $50,000 in exemplary and actual damages.

Defendant moved to dismiss the complaint. With regard to Count I she alleged that it was a suit for a contingent fee for services provided in the prosecution of a divorce action and, as such, was "contrary to good ethics and proper professional standards." She therefore argued that the complaint was "defective." With regard to Count II she asserted that her "complaints to said disciplinary body were absolutely privileged * * * and said count does, therefore, fail to state a cause of action." Defendant's motion was accompanied by a lengthy memorandum of points and authorities.

In opposition to the motion to dismiss, plaintiff argued that Count I was merely a suit for time accruals, that there was no mention of contingent fees in the complaint and that therefore the motion was improperly brought under section 45 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 45) since it was not based on matters appearing on the face of the complaint.

Defendant's motion to dismiss Count I was denied and she filed an answer thereto in which it was alleged that plaintiff was seeking a contingent fee. Attached to her answer was a document on a printed form provided by plaintiff, dated April 20, 1971, stating:

> "I hereby employ DAVID ALSWANG to prosecute all claims for property against George W. Claybon, settlement or property or moneys due me from said George W. Claybon. [sic] and in consideration of his services rendered and to be rendered, I agree to pay him a sum of money equal to 1/3 if settlement is made without suit and 1/3 in the event of suit, of any amount received or realized from said claim. This does not include fees from services in securing or defending divorce action."

The document was signed by defendant.

With regard to the motion to dismiss Count II, plaintiff argued that the bringing of an ethics complaint is not a privileged activity. In a supplemental motion he also argued that to deny him the right to bring an action for malicious prosecution would deny him the right to equal

protection of the law. In addition, plaintiff moved for fees and costs under section 41 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 41).

The court dismissed Count II of the complaint and denied plaintiff's motion for fees and costs. The court found that there was no just reason to delay review of its order, and plaintiff has taken this appeal pursuant to Supreme Court Rule 304(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 304(a)).

OPINION

Plaintiff initially contends as to Count II that the institution of a groundless ethics complaint against an attorney is tortious behavior under a theory of malicious prosecution. He specifically contests defendant's assertion that the filing of a complaint is a privileged activity. Defendant in response reasserts her argument that the filing of a complaint with a disciplinary body is absolutely privileged and, as an additional ground for affirming the dismissal of Count II, argues that plaintiff failed to allege all essential elements of the tort of malicious prosecution.[1]

We have found only a single reported case in this country dealing precisely with the issue before us, that is, whether an attorney may bring a malicious prosecution action against a person who has filed a professional grievance charging him with a breach of professional ethics. In *Toft v. Ketchum* (1955), 18 N.J. 280, 113 A. 2d 671, *adhered to on rehearing*, 18 N.J. 611, 114 A.2d 863, 52 A.L.R. 2d 1208, *cert. denied*, 350 U.S. 887, 100 L. Ed. 782, 76 S. Ct. 141, an attorney brought a malicious prosecution action against an individual who had filed a professional grievance with a local bar association charging the attorney with unethical conduct due to his actions relating to a real estate transaction.[2] The professional grievance was ultimately resolved in the attorney's favor. Nevertheless, the New Jersey Supreme Court affirmed the dismissal of the malicious prosecution complaint, holding that the filing of a professional grievance is absolutely privileged. The court stated:

> "* * * although to deprive an attorney of his right to recover damages in a civil action for the malicious filing of such a complaint without probable cause occasionally works a hardship upon the attorney * * * we are of the opinion that this result must follow if we are to properly carry out our constitutional duty to

---

[1] Plaintiff argues that defendant is precluded from raising the issue of whether he alleged all elements of the tort of malicious prosecution on appeal since she did not raise it before the court below. However, as the court held in *Hall v. Humphrey-Lake Corp.*, 29 Ill. App. 3d 956, 962, 331 N.E.2d 365, "unlike an appellant, for whom the scope of review is limited by his assignment of errors, an appellee may sustain the trial court decree by any argument based upon issues appearing in the record. (*Becker v. Billings* (1922), 304 Ill. 190, 136 N.E. 581; *In re Estate of Leichtenberg* (1956), 7 Ill. 2d 545, 131 N.E.2d 487.) The reasons assigned by the trial judge are immaterial if his decision was correct. (*Cady v. Hartford Fire Insurance Co.* (1965), 56 Ill. App. 2d 429, 206 N.E.2d 535.)"

[2] We note that in the instant case the ethics complaint filed by defendant against plaintiff was apparently based on a dispute over fees.

maintain the high standards in our bar." (18 N.J. 280, 286-87, 113 A. 2d 671, 675.)

We note that the *Toft* opinion was the product of a divided court and that several articles critical of it have appeared in law journals. See, *e.g.,* Comment, 24 Ford L. Rev. 479 (1955); Comment, 31 N.Y.U.L. Rev. 232 (1956).

We need not decide the issue of whether an absolute privilege attaches to the filing of an ethics complaint in Illinois since even if it did not, Count II of plaintiff's complaint was defective and consequently the court's dismissal of it was proper.

■■ An action for malicious prosecution is one for damages brought by a person against whom a criminal prosecution, civil suit or quasi-judicial proceeding has been instituted maliciously and without probable cause. (*Schwartz v. Schwartz*, 366 Ill. 247, 8 N.E.2d 668.) To sustain an action for malicious prosecution, the following elements must be alleged and proved; (1) the institution of civil proceedings by defendant; (2) termination of such proceedings in favor of plaintiff; (3) want of probable cause for the proceeding; (4) malice on part of defendant in bringing such proceedings; and (5) special injury to plaintiff as a result of such action. (*Franklin v. Grossinger Motor Sales, Inc.*, 122 Ill. App. 2d 391, 259 N.E.2d 307.) Within this context, "special injury" generally means a deprivation of liberty or an interference with property. The usual expenses, annoyances and inconveniences that may be regarded as normally incident to a civil suit are regarded as insufficient to form the basis of a claim of special injury. *Schwartz; Franklin;* 52 Am. Jur. 2d *Malicious Prosecution* §11 (1970).

■■ In the case at bar plaintiff claims he suffered special injuries in that he was forced to take time away from his practice to prepare an answer to defendant's ethics charges and that he suffered "anxiety, embarrassment and humiliation" while awaiting the board's decision. We believe that such allegations of injury are, in reality, no more than claims that plaintiff was subject to the "usual expenses, annoyances and inconveniences" of defending an action and as such are insufficient to make out a claim of malicious prosecution against plaintiff. Plaintiff has argued that we should consider the damage done to his professional reputation in determining whether he suffered special injuries. We note, however, that Supreme Court Rule 766 (Ill. Rev. Stat. 1973, ch. 110A, par. 766) provides, "The proceedings before the Inquiry, Hearing and Review Boards under these Rules shall be private and confidential, unless the attorney requests that they be made public." Thus, absent a desire by plaintiff to make public the nature of defendant's ethics complaint, the matters before the disciplinary board would have remained confidential and he would have suffered no damage to his professional reputation. It is our opinion that on

this ground alone the court below could have properly dismissed Count II of the complaint.

■■ Moreover, we believe that plaintiff failed to plead sufficient facts to support his allegation that defendant's ethics complaint was malicious and made in bad faith. For example, there is no indication appearing on the face of the complaint as to the nature of her complaint before the commission. It is well established that an actionable wrong cannot be made out by the vituperous and profuse interpolation of adjectives characterizing an act as having been wrongfully done. The pleading of conclusions alone will not suffice for factual allegations upon which a cause of action must be based. (*Skolnick v. Nudelman*, 71 Ill. App. 2d 424, 218 N.E.2d 775.) On this ground too the court below could properly have dismissed Count II.

Plaintiff's second contention is that the court erred in denying his motion for reasonable expenses, including a reasonable attorney's fee, under section 41 of the Civil Practice Act which provides:

> "Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court at the trial." Ill. Rev. Stat. 1973, ch. 110, par. 41.

We are asked to focus on defendant's motion to dismiss Count I which was grounded on the assertion that plaintiff was seeking a contingent fee in a divorce action. Plaintiff points out that nothing appearing on the face of the complaint indicates he was seeking a contingent fee and, furthermore, that no document or affidavit accompanied the motion which would support defendant's assertions. These factors, plaintiff argues, plainly demonstrate defendant's "bad faith" in filing this motion.

While denying the motion to dismiss Count I, the court also denied plaintiff's motion for fees and costs. It is well established that such a denial of a motion for fees is within the discretion of the trial court, and we will not disturb the determination of the court unless there is a clear showing that such discretion was abused. *Bayles v. Bennett*, 22 Ill. App. 3d 144, 316 N.E.2d 792; *Horween v. Dubner*, 68 Ill. App. 2d 309, 216 N.E.2d 288.

■■ We do not believe that the court in the instant case abused its discretion in denying plaintiff's motion. Counsel for plaintiff conceded at oral argument that while defendant's motion to dismiss Count I was improper under section 45 of the Civil Practice Act, it arguably could have been brought under section 48 (Ill. Rev. Stat. 1973, ch. 110, par. 48) which allows the involuntary dismissal of an action based upon defects or defenses which do not appear on the face of the pleading being attacked.

We are of the opinion that the mere failure to conform to all the technical niceties of pleading does not necessitate the imposition of section 41 sanctions. Furthermore we believe that the expense to plaintiff in defending the attempt to have Count I dismissed was *de minimis* since it was merely part of a more encompassing motion which required his attention and his presence in court. Defendant's apparent good faith in filing a motion to dismiss Count I is indicated by her attachment in a subsequently filed responsive pleading of a contract calling for the payment of a contingent fee under certain circumstances. The court below did not err in denying plaintiff's motion for fees and costs.

Accordingly we affirm the order dismissing Count II of plaintiff's complaint and denying his motion for fees and costs brought under section 41.

Affirmed.

BARRETT and SULLIVAN, JJ., concur.