DAVID BIANCHI *et al.*, Plaintiffs-Appellants, *v.* THE BOARD OF FIRE AND POLICE COMMISSIONERS, OF JOLIET, *et al.*, Defendants-Appellees.

Third District   No. 75-389

Opinion filed September 24, 1976.

Alexander Bonds, of Joliet, for appellants.

Raymond Feeley, of Joliet, for appellees.

Mr. JUSTICE BARRY delivered the opinion of the court:

Plaintiffs, David Bianchi and Frank Keuhner, were discharged as police officers of the city of Joliet pursuant to a hearing before the Board of Fire and Police Commissioners which found defendants had committed various acts of misconduct. The plaintiffs appealed the decision suspending them to the Circuit Court of Will County. After a hearing the circuit court affirmed the action of the board with regard to David Bianchi but reversed and remanded with directions regarding Frank

Keuhner. Following the remand the Board of Fire and Police Commissioners entered a new decision again discharging Frank Keuhner from the city of Joliet Police Department. Both plaintiffs subsequently filed an amended petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72). The petition sought to vacate the previous orders of the circuit court on the basis of newly discovered evidence, perjured testimony and the results of lie detector tests. After a full hearing in which the trial court heard and considered all the evidence offered by plaintiffs, an order dismissing plaintiffs' section 72 petition was entered.

Plaintiffs appealed and raise two issues for review: (1) whether the plaintiffs' amended petition for relief of judgment under section 72 of the Civil Practice Act sets out sufficient grounds to set aside the judgment in this cause and to entitle plaintiffs to a new trial; (2) whether a trial court can remand a case for hearing de novo to the administrative agency which heard the original matter. Because of the view we take of this cause it is not necessary to consider the second issue raised by the plaintiffs.

■■ The trial court filed a lengthy memorandum opinion in dismissing plaintiffs' petition. Without restating in detail the contents of that opinion it is apparent that the trial court rejected the plaintiffs' contentions as insufficient to grant the relief sought by the section 72 petition. In considering the theory that newly discovered evidence was now available and that several witnesses who testified at the administrative hearing had perjured themselves, the trial court applied the correct criteria to the particular circumstances presented. Newly discovered evidence to warrant granting a new trial or hearing, among other requirements, must be of such a conclusive or decisive character and be sufficiently important enough to make it probable that a different verdict would be returned on another trial. (See *Powers v. Sturm*, 12 Ill. App. 3d 346, 297 N.E.2d 628 (1973).) Likewise, newly discovered evidence that merely tends to impeach witnesses does not warrant the granting of a new trial. See *Kaster v. Wildermuth*, 108 Ill. App. 2d 288, 247 N.E.2d 431 (1969); *Runowicz v. Rock Island Bank & Trust Co.*, 90 Ill. App. 2d 222, 232 N.E.2d 459 (1967).

■■ We hold that the trial court did not abuse its discretion or commit error in denying plaintiffs' amended section 72 petition under the facts preserved in the present record. (See *Interstate Printing Co. v. Callahan*, 18 Ill. App. 3d 930, 310 N.E.2d 786 (1974).) The grounds relied upon by plaintiffs to support their claim for relief under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72) were not sufficient to warrant the relief sought from the judgment previously entered. (*Schuman v. Department of Revenue*, 38 Ill. 2d 571, 232 N.E.2d 732, (1967).) In the instant case the trial court although not obligated to do so even heard plaintiffs' arguments concerning the results of lie detector tests

1000

given to plaintiffs subsequent to the original administrative hearing and found them to be inconclusive and unsupportive of their petition.

For the reasons set forth the judgment of the Circuit Court of Will County is affirmed.

Judgment affirmed.

ALLOY, P. J., and STENGEL, J., concur.