EUGENE R. BALTHAZAR *et al.*, Plaintiffs-Appellants, *v.* DONALD C. DOWLING *et al.*, Defendants-Appellees.

Second District No. 77-291

Opinion filed November 15, 1978.

Donald J. Hennessey, of Naperville, and Wayne B. Giampietro, of Ligtenberg, DeJong, Poltrock & Giampietro, of Chicago, for appellants.

D. Kendall Griffith and Oliver W. Gregory, both of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellees.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiffs, Dr. Eugene Balthazar and Dr. Frederick Schoenfeld, brought this action against defendants, Donald Dowling, Roy Safanda and Maria Reyes, for negligently filing a baseless medical malpractice action against them and for malicious prosecution. The underlying malpractice action had been brought by defendants Dowling and Safanda, licensed attorneys, on behalf of defendant Reyes, who is not a party to this appeal. Defendants' pretrial motion for summary judgment was granted as to counts I and II, which sought to assert a cause of action based on negligence, and in trial defendants' motion for judgment at the close of plaintiffs' case was granted as to the two remaining counts; which alleged malicious prosecution, on the grounds the defendants had probable cause to bring the underlying action. On appeal plaintiffs contend the trial court erred in granting both motions.

Maria Reyes, a Spanish-speaking woman, was treated for a skin growth on her nose in January 1974 by Dr. Balthazar, who operated a free clinic in Aurora, Illinois; the growth was removed by Balthazar on that date by electrodesiccation. The next day Mrs. Reyes saw Dr. Schoenfeld, an otolaryngologist who was in private practice and not associated with Balthazar. She apparently told him Balthazar had removed the growth some six weeks earlier; Dr. Schoenfeld then performed further surgery and a skin graft in the same area.

In May 1974 Mrs. Reyes met with defendants Dowling and Safanda complaining of the scar on her nose and difficulty she was having with her vision and sense of smell. Defendants made some preliminary investigation of her claim, then filed a medical malpractice action against Drs. Balthazar and Schoenfeld in June 1974. Mrs. Reyes did not appear when the case was called for trial in October 1975 and, after denying the motions of her attorneys to withdraw, for a continuance, for a change of venue and for a voluntary nonsuit, the trial court, without hearing further evidence, entered judgment in favor of Drs. Balthazar and Schoenfeld and against Mrs. Reyes.

■■ Since the filing of this appeal by plaintiffs, in which they contend the trial court erred in granting defendants' motion for summary judgment as to counts I and II of their complaint, the appellate court has refused in three cases to extend tort liability for the wrongful filing of a lawsuit beyond the parameters of an action for malicious prosecution. (*Lyddon v. Shaw* (2d Dist. 1978), 56 Ill. App. 3d 815, 822, 372 N.E.2d 685, 690; *Pantone v. Demos* (1st Dist. 1978), 59 Ill. App. 3d 328, 331-32, 375 N.E.2d 480, 482; *Berlin v. Nathan* (1st Dist. 1978), 64 Ill. App. 3d 940, 945, 381 N.E.2d 1367, 1371.) We find, therefore, that the trial court correctly

granted defendants' motion for summary judgment as to counts I and II of plaintiffs' complaint.

Plaintiffs also contend that the trial court erred in granting defendants' motion for judgment at the close of the plaintiffs' case and argue they sustained their burden of proof that defendants lacked probable cause in bringing the medical malpractice action.

■■ Malicious prosecution is an action for damages brought by one against whom a civil suit, criminal prosecution or quasi-judicial proceeding has been instituted maliciously and without probable cause. (*Schwartz v. Schwartz* (1937), 366 Ill. 247, 250, 8 N.E.2d 668, 670.)

> "To sustain an action for malicious prosecution, the following elements must be alleged and proved; (1) the institution of civil proceedings by defendant; (2) termination of such proceedings in favor of plaintiff; (3) want of probable cause for the proceeding; (4) malice on part of defendant in bringing such proceedings; and (5) special injury to plaintiff as a result of such action. [Citation.]" *Alswang v. Claybon* (1976), 40 Ill. App. 3d 147, 150, 351 N.E.2d 285, 289.)

We need not consider plaintiffs' contention that the trial court erred in its determination that defendants had probable cause when they instituted the medical malpractice action on behalf of Mrs. Reyes as its judgment must be sustained because plaintiffs have not shown they suffered any special injury as a result of that action.

■■ An action for malicious prosecution will not lie where the process in the suit so prosecuted is by summons only and is not accompanied by the arrest of the person, the seizure of property or some other special injury to the defendant which does not necessarily result in all suits prosecuted to recover for like causes of action. (*Ammons v. Jet Credit Sales, Inc.* (1962), 34 Ill. App. 2d 456, 461, 181 N.E.2d 601, 603.) "The usual expenses, annoyances and inconveniences that may be regarded as normally incident to a civil suit are regarded as insufficient to form the basis of a claim for special injury." *Alswang v. Claybon* (1976), 40 Ill. App. 3d 147, 150, 351 N.E.2d 285, 289; 52 Am. Jur. 2d *Malicious Prosecution* §11 (1970).

■■ In the case at bar the plaintiffs offered evidence of loss of income, transportation costs and telephone calls as the actual damages suffered by them as a result of the filing of the malpractice suit. Additionally they asserted their malpractice insurance premiums increased as a direct result of that action and that their professional reputations were impaired. Each of these damage elements are incident to all malpractice litigation and do not, therefore, represent damages suffered by these plaintiffs which would not also be a result of any litigation prosecuted to recover for like causes of action. *Pantone v. Demos* (1978), 59 Ill. App. 3d 328, 336-37, 375 N.E.2d 480, 486; *Berlin v. Nathan* (1st Dist. 1978), 64 Ill. App. 3d 940, 956, 381 N.E.2d 1367, 1371.

—— For all the reasons stated, we affirm the judgment of the Circuit Court of Kane County.

Affirm.

SEIDENFELD, P. J., and WOODWARD, J., concur.