PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Plaintiff-Appellee, v. ROBERT DICKERSON, Defendant-Appellant.

First District (1st Division)   No. 1—87—0522

Opinion filed August 13, 1990.

Cook County Legal Assistance Foundation, Inc., of Harvey (Eugene C. Edwards, of counsel), for appellant.

No brief filed for appellee.

JUSTICE MANNING delivered the opinion of the court:

The appellant, Robert Dickerson, appeals from the final order of the circuit court of Cook County which: (1) vacated a prior order quashing service of process on the appellant; (2) reinstated the *ex parte* default judgment entered against the appellant; and (3) granted attorney fees to the appellee, Prudential Property and Casualty Company (Prudential) in the amount of $500, pursuant to section 2—611 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—611).

On appeal, Prudential has failed to submit a written brief. However, the record below and claimed errors on appeal are relatively simple. The issues presented for review are: (1) whether the newly discovered evidence before the trial court justified vacatur of its order quashing service of process and reinstatement of the default judgment, and (2) whether the trial court abused its discretion in granting Prudential attorney fees. Thus, this appeal is taken and considered on the record and the appellant's brief only. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493.) We reverse. Our reasons follow.

On August 27, 1984, Prudential filed suit against the appellant and Early Roberts as a result of an automobile accident. Appellant was served a copy of the complaint and summons by substitute service on a black female, age 28, at 15020 Morgan Street, Harvey, Illi-

nois. The sheriff's return indicated that the woman served was the appellant's wife.

Appellant failed to file an appearance, and an *ex parte* default judgment was entered against him on October 31, 1984. Thereafter, appellant appeared *pro se* in court on May 2, 1985, pursuant to a citation to discover assets. The record reveals that the appellant indicated at that time that he was unemployed and had no permanent address. However, he received mail at the Harvey address, which was his brother's residence.

On August 14, 1986, appellant filed a motion to quash service of process and an affidavit in support thereof. In the affidavit, appellant denied receiving a copy of the summons and complaint. He averred that he did not reside at 15020 Morgan, Harvey, Illinois; rather, he resided at 8156 Drexel in Chicago, Illinois. He further averred that no member of his household at the Chicago address was served with a copy of the summons and complaint. During the hearing on the motion to quash which was held on September 23, 1986,[1] appellant testified that he was not married. Although Prudential filed a reply to the motion, they did not produce any affidavits or testimony to rebut the assertions and denials made by the appellant.

On October 16, 1986, the court issued a written order finding that Prudential had not met its burden to sustain the validity of the substituted service of process. The trial court quashed service of process and ordered the default judgment to be vacated and set aside.

Approximately one week later, on October 22, 1986, Prudential filed a motion seeking attorney fees against the appellant. Prudential alleged that the appellant had lied about his residence and marital status. Attached to this motion was a job application dated November 1985 which listed 15020 Morgan, Harvey, Illinois, as the appellant's address and a woman and four children as his dependents. On November 18, 1986, the court granted Prudential leave to file a motion to reconsider. The court also entered the motion for attorney fees and continued all matters until December 23, 1986.

Thereafter, Prudential filed its motion for reconsideration and attached the "employment application" as its exhibit and "new evidence." Although the hearing on this motion was scheduled for December 23, 1986, the transcript of the proceedings is not a part of the

---

[1]The transcript of the court proceedings of September 23, 1986, is not a part of the record on appeal. However, references thereto are made in the trial court's written order of October 16, 1986, in later pleadings before the trial court, and in the appellant's written brief on appeal.

record on appeal. However, the record does reflect that an order was entered on that date which vacated the court's order of October 16, 1986, reinstated the default judgment and awarded attorney fees against the appellant. It is from this order that appellant appeals.

Appellant first maintains that the trial court's order which granted his motion to quash service of process and vacated the *ex parte* judgment against him was proper. He asserts as error the court's vacatur of this order and reinstatement of the prior orders. We agree. Methods of service of process are set forth in section 2—203(a) of the Illinois Code of Civil Procedure, and provides in relevant part:

> "Except as otherwise expressly provided, service of summons upon an individual defendant shall be made (1) by leaving a copy thereof with the defendant personally or (2) by leaving a copy at the defendant's usual place of abode, with some person of the family, of the age of 13 years or upwards, and informing that person of the contents thereof, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode. The certificate of the officer or affidavit of the person that he or she has sent the copy in pursuance of this Section is evidence that he or she has done so." Ill. Rev. Stat. 1985, ch. 110, par. 2—203(a).

Personal or substitute service on a defendant is required to submit the defendant to the jurisdiction of the court. In the situation where the sheriff's return indicates personal service upon the defendant, there is a presumption of validity. Conversely, in the case of substitute service, there is no presumption of validity of the sheriff's return. (*Sterne v. Forrest* (1986), 145 Ill. App. 3d 268, 274, 495 N.E.2d 1304.) Where a party challenging the substitute service attacks the sheriff's return with affidavits, and no counteraffidavits are filed, the affidavits, if otherwise sufficient, must be taken as true absent testimony by the deputy, and the purported service of process quashed. *Four Lakes Management & Development Co. v. Brown* (1984), 129 Ill. App. 3d 680, 684, 472 N.E.2d 1199.

Moreover, where the party against whom an *ex parte* order of default was entered appears in court and asserts that the judgment was procured without proper service of process, the judgment remains void and is subject to vacatur. (See *First Federal Savings & Loan Association v. Brown* (1979), 74 Ill. App. 3d 901, 393 N.E.2d 574.) In the present case, service of process was had upon the appel-

lant by substitute service, and an *ex parte* order of default was entered against him. Thereafter, appellant properly challenged the jurisdiction of the court and the order of default by filing a special and limited appearance (Ill. Rev. Stat. 1985, ch. 110, par. 2—301), and a motion to quash service of process which was supported by affidavit.

■ In the affidavit, the appellant denied that he resided at the address where the service was made and averred that at the time of the alleged service, he resided at 8156 South Drexel Avenue, in Chicago, Illinois. Thus, the appellant placed the validity of the substituted service in issue through his affidavit. Where such an affidavit stands unrebutted or uncontradicted, as here, it serves as a proper basis for quashing service of process. (See *Nibco, Inc. v. Johnson* (1983), 98 Ill. 2d 166, 456 N.E.2d 120. See also Ill. Rev. Stat. 1983, ch. 110, par. 2—203(a).) Further, where there is no service of process, any judgment which was entered based upon the purported process becomes void because it was entered without the proper jurisdiction over the defendant and may be vacated at any time. *Giralamo v. O'Connell* (1986), 145 Ill. App. 3d 527, 529, 495 N.E.2d 1180.

■ Accordingly, we find that the trial court's order, dated October 16, 1986, was proper based upon the evidence before the court which consisted solely of appellant's uncontradicted affidavit. We now turn our attention to the issue as to whether or not the trial court's subsequent vacatur of this order was proper.

The trial court's vacatur of its order which quashed service of process and reinstated the default judgment was entered on Prudential's motion for reconsideration. The gist of Prudential's motion was that it had obtained newly discovered evidence subsequent to the court hearing. This evidence consisted entirely of a Sears and Roebuck job application, purportedly executed by the appellant in November 1985. The record reflects that the application was signed by "Mr. Robert Dickerson." Therein, he listed his marital status as married, listed the name and birthdate of his wife and the names and birthdates of his four children. He also listed his home address as 15020 Morgan, Harvey, Illinois.

■ ■ A determination whether newly discovered evidence warrants a new trial or hearing is a matter within the trial court's discretion. (*In re Marriage of Rosen* (1984), 126 Ill. App. 3d 766, 775, 467 N.E.2d 962.) To justify setting aside a prior order based on newly discovered evidence, the party seeking to overturn the order must establish that: (1) the evidence was discovered subsequent to the judgment which the party seeks to have overturned; (2) due diligence was used to discover the evidence prior to the hearing or trial; (3) the evidence

is material; and (4) the evidence is more than merely cumulative. (*Jenkins v. Dearborn Securities Corp.* (1976), 42 Ill. App. 3d 20, 23-24, 355 N.E.2d 341.) The newly discovered evidence which warrants the granting of a new trial (or hearing) must be of such a conclusive or decisive nature and be sufficiently important to make it probable that a different verdict or order would be returned in another trial (or hearing). *Bianchi v. Board of Fire & Police Commissioners* (1976), 41 Ill. App. 3d 998, 999, 354 N.E.2d 916.

■ Applying the applicable factors to the case at bar, we hold that the trial court's decision to allow the newly discovered evidence as to the basis to overturn its previous order constitutes an abuse of the court's discretion and was improper under the circumstances. We need not address the applicability of the factors concerning whether the evidence was discovered subsequent to the court order, and whether due diligence was used to discover the evidence prior to the hearing, because we believe that the evidence was little more than cumulative and impeaching.

We believe that the evidence which consisted solely of a job application, without more, was insufficient to warrant the court's reinstatement of previous orders. By vacating the October 16, 1986, order, the trial court determined that the evidence before it, *i.e.*, the job application, was of such a conclusive nature that a different result would be returned during a new hearing on a motion to quash service and to vacate the default judgment. Such a finding is erroneous. First, while the job application suggests that the appellant may have lived at the address at some point in time and may have been married or else has a propensity to fabricate, such matters go to impeaching his credibility. Newly discovered evidence which does little more than impeach the credibility of the witness does not warrant the granting of a new trial.

Second, and of great concern to us, is the fact that the newly discovered evidence was used as the grounds to sustain the validity of the substituted service of process. This evidence was unsubstantiated, uncorroborated and unverified. There is some indication in the record and in appellant's brief that he admitted to the court that he had completed the application in this manner in order to secure employment. However, as noted above, it is well settled in Illinois that in the case of substituted service of process, there is no presumption of validity, and where such process is challenged by affidavit, the affidavit must be taken as true absent counteraffidavits or testimony by the deputy. In the case at bar, Prudential failed to present any counteraffidavits or testimony during the hearing on the motion to quash. Neither did

it do so when it presented the newly discovered evidence. We conclude that notwithstanding the job application, the appellant's affidavit and testimony that he was not married and did not reside at the address at the time of the substituted service remained uncontroverted. Accordingly, we further conclude that Prudential, having failed to meet its burden to sustain the validity of the substituted service with the introduction of the newly discovered evidence, the trial court abused its discretion in allowing and using such evidence as the grounds to vacate the order which quashed service of process and reinstate the default judgment. On the facts here presented, we believe that the newly discovered evidence did not warrant setting aside the court's prior order. We hold that the trial court's December 23, 1986, order was entered in error and is hereby reversed.

Having found that the trial court abused its discretion by allowing the newly discovered evidence, we also find that it abused its discretion in granting Prudential attorney fees.

Section 2—611 of the Illinois Code of Civil Procedure, which provides for attorney fees and costs to be paid by the party opponent, provides in relevant part:

> "The signature of an attorney or party constitutes a certificate by him that he has read the pleading, *** that to the best of his knowledge, information and belief *** it is well grounded in fact ***. *** If a pleading, motion, or other paper is signed in violation of this Section, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred, *** including a reasonable attorney's fee." Ill. Rev. Stat. 1987, ch. 110, par. 2—611.

*Bayles v. Bennett* (1974), 22 Ill. App. 3d 144, 316 N.E.2d 792.

■ The decision to award such fees, as well as the amount, is within the sound discretion of the trial court. (*McCormick v. Louis Joliet Bank & Trust Co.* (1983), 114 Ill. App. 3d 205, 448 N.E.2d 905.) Absent an abuse of discretion, a reviewing court will not disturb the trial court's award of attorney fees pursuant to section 2—611. *In re Application of Cook County Collector* (1986), 144 Ill. App. 3d 604, 494 N.E.2d 536.

■ Generally, the trial court must conduct a section 2—611 hearing to determine whether an untrue statement was made without reasonable cause. (See *Schnack v. Crumley* (1982), 103 Ill. App. 3d 1000, 431 N.E.2d 1364.) As previously noted, and on the factual matrix

here presented, we believe that the trial court lacked sufficient information to determine whether the appellant had made an untrue statement on the basis of the job application alone. Moreover, because the trial court did not conduct a hearing to determine whether untrue statements had been made, we conclude that the trial court abused its discretion and improperly entered sanctions against the appellant. Accordingly, the court's award of attorney fees to Prudential is reversed.

For the reasons above stated, the judgment of the circuit court is reversed.

Reversed.

CAMPBELL and O'CONNOR, JJ., concur