MEMORANDUM OPINION AND ORDER
 

 BUCKLO, District Judge.
 

 The Town of Cicero hired David Niebur as Police Chief and Superintendent of Police in December 1997, and hired Phillip Bue as Deputy Superintendent in March 1998. They began to investigate suspected wrongdoing involving Town officials and Ram Recovery, Inc., a towing firm under contract to the Town that was apparently engaged in stealing and selling some of the cars it towed. In April 1998, Niebur and Bue were subpoenaed to testify before a federal grand jury in the matter. Later that month, Betty Loren-Maltese, President of the Town Council, suspended them after they declined to answer questions put to them by Town counsel member Merrick Scott Rayle about their investigation and grand jury testimony. Rayle investigated the towing scandal and submitted a report in which he exonerated all Town officials. In May 1998, Rayle filed dismissal charges against Niebur and Bue before the Board of Fire, Police, and Public Safety Commissioners (the “Police Board”). In October 1998, Niebur was fired. Bue was reinstated but then fired in November 1998. Niebur and Bue, the plaintiffs here, filed this lawsuit under 42
 
 *931
 
 U.S.C. § 1983 alleging various constitutional and state law causes of action. The defendants move to dismiss some of the state law causes of action. I grant these motions in part and deny them in part.
 

 The plaintiffs agree that the retaliatory discharge claim (count VII) against Gross, Rayle, and the Town Police Board, and the breach of contract claim and retaliatory discharge claim (counts V-VII ) against Rayle should be dismissed. These claims are accordingly dismissed as against those parties.
 

 Maltese moves to dismiss the retaliatory discharge claim against her for failure to state a claim because she was not the plaintiffs’ employer. As defense counsel ought to know, this conclusory assertion cannot be the basis of a successful motion to dismiss, because on such a motion I must assume that all well-pleaded facts asserted by the plaintiff are true. The plaintiffs allege that Maltese is a final policymaker and decisionmaker who had the authority to hire and fire for the Town. That would make her their employer. The motion is therefore denied.
 

 Rayle argues that the plaintiffs fail to state a claim for retaliatory discharge because they do not allege two of the elements of this claim, (1) that the defendant commenced or continued an original judicial or criminal proceeding against the plaintiffs,
 
 Washington v. Summerville,
 
 127 F.3d 552, 557 (7th Cir.1997), or (2) suffered special damages. As to the proceedings, the plaintiffs argue that Police Board proceedings are “quasi-judicial.” An action for malicious prosecution “is one for damages brought by a person against whom a criminal prosecution, civil suit or quasi-judicial proceeding has been instituted maliciously and without probable cause.”
 
 Alswang v. Claybon,
 
 40 Ill.App.3d 147, 351 N.E.2d 285, 288-89 (1976) (Elements of malicious prosecution are; (1) the institution of civil proceedings; (2) termination of such proceedings in favor of plaintiff; (3) want of probable cause; (4) malice on part of defendant; and (5) special injury to plaintiff.);
 
 accord Balthazar v. Dowling,
 
 65 Ill.App.3d 824, 22 Ill.Dec. 559, 382 N.E.2d 1257, 1259 (1978).
 

 I agree that the Police Board proceedings have enough of the attributes of a judicial proceeding to qualify without expanding the tort of malicious prosecution. The governing statute, 65 ILCS 5/10-2.1-17, provides for written charges, a fair and impartial hearing at which the Police Board has the power to administer oaths, subpoena witnesses, and compel production of documents, to reach a finding of guilty, and to impose penalties of discharge or suspension without pay.
 

 I recognize that Illinois courts have disfavored actions for malicious prosecution,
 
 Levin v. King,
 
 271 Ill.App.3d 728, 208 Ill. Dec. 186, 648 N.E.2d 1108, 1110 (1995), but the rationale for disfavoring them is to “promote a policy of open access to the courts,”
 
 id.,
 
 which would not be furthered by disallowing lawsuits by victims of baseless administrative proceedings against whistleblowers. In any event, it does not expand the tort to allow it in the case of a quasi-judicial proceeding because that is expressly authorized by the Illinois courts.
 

 As to special damages beyond the usual expense, time or annoyance in defending a lawsuit, see
 
 Serfecz v. Jewel Food Stores,
 
 67 F.3d 591, 602 (7th Cir. 1995), Rayle argues that any Police Board proceeding involves risk to reputation, and this damage is therefore not a special damage. However, Judge Kocoras of this court concluded that it would suffice for special damage if there might be “future employment road blocks” as a result of Police Board proceedings that vindicated the plaintiff.
 
 Hahn v. Village of Downers Grove,
 
 No. 98 C 7281, 1999 WL 167036, at *5 (N.D.Ill., Mar.19, 1999). Although Rayle says that Judge Kocoras found that allegations similar to the plaintiffs’ here did not constitute special damages, the judge in fact found that while allegations of reputational injury alone would not do, allegations of employment obstacles would
 
 *932
 
 be enough.
 
 Id.
 
 The motion to dismiss the malicious prosecution against Rayle is denied.
 
 [1]
 

 I Grant as unopposed the motion to dismiss count VII against Gross, Rayle, and the Town Police Board. The motion to dismiss count VII against Maltese is Denied. The motion to dismiss plaintiffs’ counts V-VII against Rayle is Granted as unopposed. The motion to dismiss count IX against Rayle is Denied.
 

 [1]
 

 . Rayle fails to argue that the malicious prosecution action will not lie because the Police Board proceedings were not terminated in favor of the plaintiffs, although it appears that they were not here, although Bue’s case is less clear.