84

*In re* MARRIAGE OF JOANNE PITULLA, Petitioner-Appellee and Cross-Appellant, and SAMUEL PITULLA, Respondent (Richard A. Rinella *et al.*, Appellants and Cross-Appellees).

First District (3rd Division)   No. 1—91—3623

Opinion filed December 1, 1993.

David A. Novoselsky & Associates, of Chicago (David A. Novoselsky and Kevin S. Besetzny, of counsel), for appellants.

Andrew J. Maxwell and Timothy J. McGonegle, both of Law Office of Andrew J. Maxwell, of Chicago, for appellee.

PRESIDING JUSTICE TULLY delivered the opinion of the court:

Like Sisyphus, this court is asked once again to roll the bulky boulder of this ceaseless litigation uphill towards resolution in the hapless hope that it will not crash back down into our chambers yet again.

Appellants, Richard A. Rinella and Rinella & Rinella, Ltd. (hereinafter collectively referred to as Rinella), appeal from an order of the circuit court of Cook County, entered November 1, 1991, pursuant to the opinion and mandate issued in *In re Marriage of Pitulla* (1990), 202 Ill. App. 3d 103, 559 N.E.2d 819 (*Pitulla II*), the sequel to this court's decision in *In re Marriage of Pitulla* (1986), 141 Ill. App. 3d 956, 491 N.E.2d 90 (*Pitulla I*). Petitioner, Joanne Pitulla (hereinafter Pitulla), cross-appeals from the same order as Rinella and also from an order entered by the trial court on April 26, 1991. Jurisdiction is vested in this court pursuant to Supreme Court Rule 301 (134 Ill. 2d R. 301).

For the following reasons, we affirm.

FACTUAL BACKGROUND

As noted above, this is the third time this case has been presented to this court. As the facts of this case have already been put forth in *Pitulla I* and *Pitulla II*, we fortunately need not revisit them. Accordingly, for the sake of brevity, we will only outline the appellate history of this case and set forth those additional facts which we deem relevant.

In *Pitulla I*, Pitulla filed, pursuant to section 2—1401 of the Code of Civil Procedure (section 2—1401) (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401 (now 735 ILCS 5/2—1401 (West 1992))), a petition to vacate portions of the judgment which dissolved her marriage and required her to pay attorney fees to Rinella. Rinella filed a petition for sanctions against Pitulla pursuant to section 2—611 of the Code of Civil Procedure (section 2—611) (Ill. Rev. Stat. 1983, ch. 110, par. 2—611 (now preempted by Supreme Court Rule 137 (134 Ill. 2d R. 137))) alleging that Pitulla's section 2—1401 petition was false and without reasonable cause. The trial court dismissed Pitulla's section

2—1401 petition and granted Rinella's petition for sanctions. In reviewing the consolidated appeals taken from the trial court, we reversed and held that: Pitulla's pursuit of out-of-court methods for nearly two years to resolve her fee dispute with Rinella did not negate the required due diligence in pursuing her section 2—1401 petition; Pitulla did not waive her right to an itemized statement of Rinella's services as her attorney in the underlying divorce action; and the trial court abused its discretion in awarding section 2—611 sanctions to Rinella. Consequently, we remanded the cause to the trial court for an evidentiary hearing to determine the reasonableness of Rinella's fee and the merits of Pitulla's section 2—1401 petition.

On remand from *Pitulla I*, the trial court: found Rinella's fee was excessive; dismissed a section 2—611 motion brought by Pitulla against Rinella; and granted Rinella's section 2—611 motion for sanctions against Pitulla arising from her prosecution of a rule to show cause against Rinella. On consolidated appeal in *Pitulla II*, we affirmed in part and reversed in part and held that: Pitulla's signing a release in satisfaction of judgment did not bar her from appealing the amount of the judgment; the trial court reduced Rinella's fee from $10,000 to $3,625; Pitulla was entitled to an evidentiary hearing as to the costs she incurred in gathering evidence to rebut the fee amount stated in Rinella's original attorney fee petition for purposes of her claim for sanctions; Pitulla was entitled to prejudgment interest on the excessive fees by Rinella; and Pitulla's pursuit of a rule to show cause against Rinella was not justified and warranted the imposition of sanctions against her. Accordingly, "we remand[ed] the case for findings on the sole issue of the cost to [Pitulla] in gathering evidence to rebut the false fee amount stated in [Rinella's attorney fee] petition." *Pitulla II*, 202 Ill. App. 3d at 116.

On remand from *Pitulla II*, Pitulla filed a petition for entry of award of fees pursuant to the appellate mandate (hereinafter Petition). The Petition sought recovery in the amount of $42,154.88 for the attorney fees and costs she purportedly expended in gathering evidence to rebut Rinella's false pleading concerning his hourly rate. In response, on April 17, 1991, Rinella filed a motion to strike the Petition. In essence, Rinella contended that the Petition was an attempt by Pitulla to seek recovery of all her attorney fees and costs incurred throughout the litigation. On April 26, 1991, the trial court granted Rinella's motion to strike and gave Pitulla leave to file an amended petition. In ruling on Rinella's motion to strike, the trial court stated:

"[THE COURT:] The Court must make a decision, the Court's decision is this: I interpret the Appellate Court mandate to mean

that all evidence, all Court time, all attorney fees and costs, needed to disprove the 1988 or '89 rates as incorrect and to show that the 1981 rates were in effect and should be focused on and permitted in the petition.

The motion to strike the fee petition is granted *** with leave to amend the fee petition to select out that time spent in preparation, evidence gathering, presentation of evidence, trial time, fees and costs, to show the differential in rates. ***

I am going to state further, the Court finds at that time explanations given in the petition, although not totally comporting with [*Kaiser v. MEPC American Properties, Inc.* (1987), 164 Ill. App. 3d 978, 518 N.E.2d 424], appear to comport with what Justice Freeman has stated in [*Pitulla II*] and in his other decision in [*In re Marriage of Malec* (1990), 205 Ill. App. 3d 273, 562 N.E.2d 1010,] where he, in effect, softens [*Kaiser*] somewhat, and so I will follow Justice Freeman on that.

So that what we need is an amended fee petition selecting out those times and amounts used in what I have just stated."

Thereafter, on May 10, 1991, Pitulla filed an amended petition for award of fees pursuant to the appellate mandate (hereinafter Amended Petition). On May 24, 1991, Rinella filed a motion to strike the Amended Petition and a motion for costs and attorney fees pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137), arguing that the Amended Petition was virtually identical in both form and substance to the original Petition. Additionally, Rinella asserted that Pitulla had disregarded both this court's mandate in *Pitulla II* and the trial court's order of April 26, 1991.

On June 5, 1991, the trial court denied Rinella's motion to strike the Amended Petition and his Rule 137 motion. In denying the motion to strike the Amended Petition, the trial court held:

"THE COURT: There is a lot things divided out [*sic*]. I have read in [Pitulla's] amended petition about the filing of interrogatories, the request to produce, the evidence gathering. *** [T]he appellate court has stated, and Judge Freeman has [held in two] cases, [*Malec*] and [*Pitulla II*], [that] failure to maintain contemporaneous records greatly increases the difficulty in determining the proper fee; however estimates can be properly considered.

[Pitulla's c]ounsel will have to break it down somewhat in order to present it to the Court. However, the Court has seen that specific hours are mentioned. There is actual work which is done and the Court finds that the billing has an exact number here, the costs have an exact number. And it is alleged that [Pitulla's counsel] put in this time."

Thus, on June 2, 1991, Rinella filed a response to the Amended Peti-

tion claiming that it was, like the original Petition, inconsistent with this court's mandate in *Pitulla II* and inconsistent with the law regarding fee petitions.

On November 1, 1991, the trial court entered judgment in favor of Pitulla in the amount of $19,492 as a sanction pursuant to *Pitulla II*. Rinella filed an appeal and Pitulla cross-appealed.

## ISSUES PRESENTED FOR REVIEW

On appeal, Rinella argues that: (1) the trial court erred in denying his motion to strike the Amended Petition and awarding $19,492 in sanctions against him; and (2) the trial court erred in denying his Rule 137 motion against Pitulla. On cross-appeal, Pitulla argues that: (1) the trial court erred in granting Rinella's motion to strike her original Petition; and (2) the trial court erred in denying the fees and costs incurred by her in preparing the Petition and for services performed from October 19, 1991, through November 1, 1991.

## OPINION

We note that as the trial court actions in this case occurred in proceedings on remand, we must view such actions within the context of the mandate of *Pitulla II*. "The mandate of an appellate court is its judgment which, upon transmittal to the trial court, revests that court with jurisdiction. Thereupon, a trial court must follow the specific directions of the appellate court's mandate to the letter to insure that its order or decree is in accord with the decision of the higher court. The trial court may only do those things directed in the mandate and has no authority to go beyond dictates of the mandate. [Citation.] Furthermore, where directions are specific, a positive duty is placed on the trial court to enter an order or decree congruent with directions contained in the mandate." *Fidelity & Casualty Co. v. Mobay Chemical Corp.* (1992), 252 Ill. App. 3d 992, 997; see also *PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 427 N.E.2d 563; *Thomas v. Durchslag* (1951), 410 Ill. 363, 102 N.E.2d 114.

■ That said, we now turn to Rinella's contention that the trial court erred in denying his motion to strike the Amended Petition and awarding $19,492 in sanctions against him. As we noted in *Pitulla II*, the decision to award attorney fees and costs pursuant to section 2—611, as well as the amount of such an award, is within the discretion of the trial court. A reviewing court will not disturb the trial court's award of attorney fees pursuant to section 2—611 absent an abuse of discretion. *Pitulla II*, 202 Ill. App. 3d at 115-16; see also *Prudential Property & Casualty Insurance Co. v. Dickerson* (1990), 202

Ill. App. 3d 180, 559 N.E.2d 854; *Fried v. Barad* (1989), 187 Ill. App. 3d 1024, 543 N.E.2d 1018.

■ The thrust of Rinella's argument with regard to this issue is twofold. First, Rinella posits that the Amended Petition is nothing more than a slightly veiled attempt by Pitulla to recover the entire litigation cost to her and, thus, contrary to the mandate of *Pitulla II.* Second, Rinella urges that the Amended Petition fails to separate out the time devoted solely to disproving the false hourly rates at issue in *Pitulla II.* We find this line of argument wholly without merit. After a careful and painstaking review of the voluminous record in this case, we find that while the Amended Petition may not be perfect, it does an adequate job of chronicling and separating out those fees and costs incurred by Pitulla in disproving the false fee claimed by Rinella. Moreover, contrary to Rinella's assertions, the Amended Petition does not seek recovery of all fees and costs incurred by Pitulla during the long course of this litigation. In fact, the judgment on the Amended Petition was less than half that requested in the original Petition. Thus, the trial court's action in ruling upon the Amended Petition could in no way be termed a violation of the mandate of *Pitulla II* or an abuse of discretion.

■ As the arguments in Pitulla's cross-appeal involve the same analysis as did the previous issue raised by Rinella, we will address them in this portion of the opinion. Pitulla argues that the trial court erred in granting Rinella's motion to strike her original Petition. We disagree. Unlike Pitulla's Amended Petition, the original Petition fails to adequately separate out those expenses attributable solely to disproving the false fee claimed by Rinella. Instead, it tends to lump together expenses in such a way as to make it practically impossible to pull out expenses attributable to the fee differential and those to other nonrecoverable expenses. Accordingly, we find no abuse of discretion by the trial court in granting Rinella's motion to strike the original Petition.

Regarding the second issue raised by Pitulla in her cross-appeal, as we have found the trial court's disposition of the original Petition correct, it logically follows that there was no error in its denial of fees incurred by Pitulla in preparing the stricken Petition.

Still to be considered is Rinella's contention that the trial court erred in denying his Rule 137 motion against Pitulla. Rinella submits that the filing of the original Petition, the filing of the Amended Petition, and the discrepancies between the original Petition and the Amended Petition justify sanctions against Pitulla.

■ Rule 137, the successor to section 2—611, imposes an affirmative duty upon litigants and attorneys to conduct an inquiry of the

facts and law prior to the filing of an action, pleading, or other paper. (*Couri v. Korn* (1990), 202 Ill. App. 3d 848, 855, 560 N.E.2d 379.) "The rule requires that a party or litigant sign pleadings and other legal papers to certify that he or she has read the document, has made a reasonable inquiry into its basis, and believes that it is well-grounded in fact and in law, or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." (*North Shore Sign Co. v. Signature Design Group, Inc.* (1992), 237 Ill. App. 3d 782, 789-90, 604 N.E.2d 1157.) The purpose of Rule 137 is to prevent litigants from abusing the judicial process by penalizing the party who initiates a vexatious or harassing action without a sufficient legal or factual underpinning. *North Shore Sign*, 237 Ill. App. 3d at 790.

Violating Rule 137 may subject a party, his attorney, or both, to an appropriate sanction, including the award of reasonable attorney fees to the opposing party. However, as Rule 137 is penal in nature, it is subject to strict construction. (*North Shore Sign*, 237 Ill. App. 3d at 790.) The decision to impose Rule 137 sanctions is within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. *Bertuli v. Gaull* (1991), 215 Ill. App. 3d 603, 605, 574 N.E.2d 1390.

■ In the present case, we believe that Pitulla's original fee petition, while unartfully drafted, does not rise to the level of sanctionable conduct contemplated by Rule 137. As can be seen from our detailed recitation, there were myriad intertwined issues of fact and law to be resolved. Thus, it should surprise no one that Pitulla's initial effort at segregating out which fees were attributable to the false fee was unsuccessful. Moreover, as we have noted above, the Amended Petition was proper and, thus, Rinella's argument with regard to its being sanctionable must fail. Consequently, we find no error in the trial court's refusal to impose Rule 137 sanctions on Pitulla.

### DISPOSITION

In light of the foregoing, the judgment of the circuit court of Cook County is in all respects affirmed.

Judgment affirmed.

GORDON and CERDA, JJ., concur.