NO. 4-01-0853

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

In re: the Marriage of ) Appeal from

DAVID V. LUDWINSKI, ) Circuit Court of

Petitioner-Appellant, ) Champaign County­

and ) No. 91C724

P. GRETCHEN LUDWINSKI, )

Respondent-Appellee. ) Honorable

) Ann A. Einhorn,

) Judge Presid­ing.

JUSTICE MYERSCOUGH delivered the opinion of the court:

Petitioner, David V. Ludwinski, appeals the trial court's amended order concerning permanent visitation.  On appeal, petitioner argues that the trial court's amended permanent visitation order is an abuse of discretion, violates the Uniform Child Custody Jurisdiction Act (Custody Jurisdiction Act) (750 ILCS 35/1 though 26 (West 2000)), and exceeds the appellate court's mandate.  We affirm.

I. BACKGROUND

Because the parties and this court are familiar with the facts in the present case, we will discuss only those facts necessary to understand this court's disposition.  Petitioner and respondent, P. Gretchen Ludwinski, were married in 1986.  In 1991, the trial court granted the parties a dissolution of marriage and entered judgment as to grounds.  In July 1993, the court awarded custody of the children to petitioner.  In July 1998, petitioner sought permission to remove the parties' two children from Illinois to Utah.  The trial court denied petitioner's request.  Petitioner appealed, and in March 2000, this court reversed the trial court's order and remanded the matter to the trial court for the purpose of setting a visitation schedule in light of our ruling granting petitioner permission to remove the children to Utah.  
In re Marriage of Ludwinski
, 312 Ill. App. 3d 495, 727 N.E.2d 419 (2000).  

In May 2000, respondent filed a motion to modify custody.  In October 2000, respondent filed an amended motion to modify custody, which the court dismissed.  In November 2000, after several hearings, the trial court entered a temporary visitation order.  After hearing argument concerning visitation, the court entered a permanent visitation order in May 2001.  Both parties filed motions to reconsider.  In August 2001, the court entered an amended permanent visitation order and granted respondent leave to amend her motion to modify custody.  The amended permanent visitation order provides, in relevant part:

"10. That the children shall be provided with phone cards and shall be permitted to make calls to [respondent] at reasonable times.  Petitioner shall encourage the children to call respondent at least once per week.  When the children are on visitation with [respondent], she shall encourage them to call [petitioner].

11. That [p]etitioner shall encourage the children to correspond with [r]espondent at least three times per month.  An envelope shall be maintained for the children to place school work, drawings, etc. for [respondent].  [Respondent] shall provide the children with self-addressed, stamped envelopes for their letters to her[,] and the children shall be permitted to write to her without interference.  The children shall be permitted to open letters from [respondent] themselves[,] and [petitioner] shall be permitted to review the contents.

12. That [the] children shall be provided with access to a tape recorder.  They shall be permitted time to record or play audio messages to or from [r]espondent.  Petitioner shall be permitted to review, but not to censor, any audio[]tapes.  They shall be permitted time to view any videos created by [respondent] or her extended family, if a video player is available. 

13. If e-mail is available to the children, [petitioner] shall provide [respondent] with an e-mail address where she can communicate with the children on a reasonable basis.  The children shall also be permitted access to e-mail to communicate with [respondent] if and when she has an e-mail address available.

14. That [petitioner] shall provide [respondent] with a school calendar and any sports schedules and photo programs for the school or for the children'[s] non-school sports.  Once a month, [p]etitioner will forward to [r]espondent a packet including pertinent information as to the children'[s] activity and school schedules.

* * *

18. That each party shall keep the other informed as to current employment, the current home address, the name and general background of those who reside with them and the telephone numbers of their residence and their place of employment.  If either parent travels out of town without the children for any period of more than three days, he or she shall provide the other parent with a contact number in the event of an emergency.  If either parent travels out of town with a child for any period of more than three days, the other parent shall be notified of their itinerary and, when possible, a contact telephone number where they can be reached.

***

20. That the custodial parent shall provide the non-custodial parent with an adequate supply of clothing at the beginning of each visit.  Said clothing shall be returned at the end of each visit.  During extended visits, the children shall be permitted to bring a reasonable number of toys.

* * *

23. That until final orders in all now pending matters, this Court retains jurisdiction over all child-related matters."

In September 2001, respondent filed a second amended motion to modify custody, which remains pending, and petitioner filed a notice of appeal.  In October 2001, petitioner filed in Champaign County circuit court a supplement to his September 2000 petition for adjudication of indirect civil contempt.  This appeal followed.

II. ANALYSIS

In this appeal, petitioner filed a second motion to supplement the record requesting permission to supplement the record with a copy of the notice of filing of foreign judgment which he had filed in Utah in September 2001.  The record indicates that a copy of that notice was filed in Champaign County circuit court in December 2001.  There has been no objection to petitioner's motion.  In open court, at oral argument, we granted petitioner's request to supplement the record.

Petitioner argues that the trial court's amended permanent visitation order is an abuse of discretion, violates the Custody Jurisdiction Act, and exceeds the appellate court's mandate.  We disagree.

A. Standard of Review

The mandate of an appellate court is its judgment which, upon transmittal to the trial court, vests the trial court with authority only to take action that conforms with the mandate.  
In re Marriage of Pitulla
, 256 Ill. App. 3d 84, 88, 628 N.E.2d 563, 566 (1993); see also 
In re Marriage of Blinderman
, 283 Ill. App. 3d 26, 35, 669 N.E.2d 687, 694 (1996).  
A trial court has no authority to act beyond the scope of the mandate and must follow the specific directions of the appellate court's mandate to the letter to insure that its order or decree is in accord with the decision of the appellate court.  
Pitulla
, 256 Ill. App. 3d at 88, 628 N.E.2d at 566.  Where a reviewing court remands a case with instructions that are general, the trial court is required to examine the appellate court's opinion and exercise its discretion in determining what further proceedings would be consistent with the opinion on remand.  
In re Marriage of Sunko
, 237 Ill. App. 3d 996, 999, 606 N.E.2d 29, 31 (1992).  Moreover, if the mandate directs the trial court to proceed in conformity with the opinion issued, the appellate court's opinion must be consulted in determining the appropriate course of action.  
People v. Abraham
, 324 Ill. App. 3d 26, 30, 753 N.E.2d 1219, 1223 (2001).  Here, this court remanded for the purpose of setting a visitation schedule in light of our ruling, which permitted removal of the children to Utah.  
Ludwinski
, 312 Ill. App. 3d at 505, 727 N.E.2d at 427.  A reviewing court will not set aside the trial court's ordered visitation arrangements unless they are against the manifest weight of the evidence, manifestly unjust, or resulted from a clear abuse of discretion.   
In re Marriage of Deem
, 328 Ill. App. 3d 453, 455, ___ N.E.2d ___, ___ (2002).

B. Visitation Order

1. 
Continuing
 
jurisdiction

Petitioner argues that paragraph 23, which provides that the court retain jurisdiction over all child-related matters until final orders in all now-pending matters, violates the Custody Jurisdiction Act and is in direct violation of this court's mandate, which was simply to set visitation, and, therefore, it should be vacated.  We disagree.

The trial court obtained jurisdiction in the present case pursuant to section 4(a)(1)(ii) of the Custody Jurisdiction Act:

"§4. Jurisdiction. (a) The circuit courts have jurisdiction to make a child custody determination by initial or modification judgment if:

1. this State

(i) is the home state of the child at the time of commencement of the proceeding[.]"  750 ILCS 35/4(a)(1)(i) (West 2000).

Further, section 4(b) of the Custody Jurisdiction Act provides:

"(b) A court, once having obtained jurisdiction over a child, shall retain such jurisdiction unless it concedes jurisdiction to a foreign state or none of the parties to the action, including the child, remain in Illinois."  750 ILCS 35/4(b) (West 2000).

We recognize that the Custody Jurisdiction Act and section 4(b), in particular, are intended to operate as limitations on a court's continuing jurisdiction in custody matters.  We do not find, however, that section 4(b) was intended to divest a court of jurisdiction in the midst of a custody modification proceeding based on a change in circumstances occurring after the proceeding had commenced but prior to a final determination.  The jurisdiction of a court over the subject matter and parties in a case, once fully attached, continues until all issues of fact and law have been decided.  Moreover, once jurisdiction has been vested, it cannot automatically be divested by subsequent events.  
Kelly v. Warner
, 119 Ill. App. 3d 217, 219, 460 N.E.2d 329, 330 (1983).   The concept of continuing jurisdiction in child custody matters permits a court to retain jurisdiction acquired in the original proceeding and to make future modifications of the decree.  We recognize that the Custody Jurisdiction Act now limits continuing jurisdiction.  However, we find that mere movement of a party or the children cannot serve to divest a court of its jurisdiction once acquired during modification proceedings which are underway but unconcluded.  The trial court here obtained jurisdiction over the children when the petition for dissolution of marriage was filed and the parties submitted to the jurisdiction of the court.  It is undisputed that petitioner and the children moved out of state, that respondent continues to reside in Illinois, and that the trial court never conceded jurisdiction to a foreign state.  Illinois clearly has continuing subject matter jurisdiction over this cause under section 4(b).  750 ILCS 35/4(b) (West 2000).  We find, therefore, that the court correctly retained jurisdiction over all child-related matters and did not violate the principles of the Custody Jurisdiction Act.  See 750 ILCS 35/4(b) (West 2000).  

Petitioner argues that the appellate court's mandate required only that the trial court enter a visitation order and the court entered a visitation order, thereby complying with the mandate, but then exceeded the mandate when it also retained jurisdiction.  We disagree.  In the present case, since the original award of custody in July 1993, respondent has appealed that decision and filed motions to modify custody.  In fact, when the trial court entered its amended permanent visitation order, respondent had filed her second-amended motion to modify custody, which remained pending.  In addition, there also remained pending petitioner's petition for indirect civil contempt.  Accordingly, the court neither abused its discretion when it retained jurisdiction over all child-related matters until final orders in all now-pending matters nor exceeded this court's mandate.

2. 
Within
 
Mandate

Petitioner also argues that several of the paragraphs of the amended permanent visitation order attempt to set forth guidelines similar to those found in joint parenting orders and, therefore, the trial court exceeded this court's mandate, which was to set forth a visitation schedule, not a joint parenting order.  Specifically, petitioner contends that this court should vacate paragraph 10, after the first sentence; paragraphs 11 through 13; paragraph 14, after the first sentence, and paragraphs 18 and 20.  Petitioner maintains that in these paragraphs, the trial court attempted to set forth guidelines similar to those found in a joint parenting order rather than in a visitation order.  We disagree.

Here, this court remanded the cause to the trial court "for the purpose of setting a visitation schedule in light of our ruling."  
Ludwinski
, 312 Ill. App. 3d at 505, 727 N.E.2d at 427.  Therefore, the trial court was required to examine this court's opinion and exercise its discretion in determining what further proceedings would be consistent with the opinion on remand.  Given the record in this case, we conclude that the trial court acted within its authority on remand.  

In our previous opinion, we instructed that a visitation schedule be fashioned to preserve respondent's relationship with the children.  
Ludwinski
, 312 Ill. App. 3d at 505, 727 N.E.2d at 427.  Based on the record, we find that trial court's amended permanent visitation order attempts to preserve that relationship in accordance with our order.  

"'When a court designates one parent as the custodial parent, that designation does not and should not deprive the noncustodial parent of all rights and privileges as a parent.  As section 602(c) of the [Illinois Marriage and Dissolution of Marriage] Act provides, "[t]he court shall presume that the maximum involvement and cooperation of both parents regarding the physical, mental, moral, and emotional well-being of their child[ren] is in the best interest[s] of the child[ren]."  [Citation.]  Further, the custodial parent has the duty to strengthen and nurture in every way possible the relationship between the children and their noncustodial parent.'  [Citation.]"  
In re Marriage of Lange
, 307 Ill. App. 3d 303, 310, 717 N.E.2d 507, 512 (1999).

We find that the amended permanent visitation order provides respondent with the maximum involvement in the children's lives under the circumstances.  In addition, the order places a burden on both parents to strengthen and nurture in every possible way the children's relationships with both parents.  

The parties, here, have had a long, acrimonious history.  We conclude, therefore, that the restrictions and guidelines imposed on the parties are supported by the record and are not manifestly unjust or unnecessary.  The children should feel that they are free to interact with their mother without fear that their interaction would be censored and/or monitored by their father.  In addition, both parties have a duty to strengthen and nurture the children's relationships with the other.  This order provides a manner in which the parties can meet that burden.  We find, therefore, that the amended permanent visitation order was not an abuse of discretion.

III. CONCLUSION

For the foregoing reasons, we affirm the trial court's order.

Affirmed.

STEIGMANN and APPLETON, JJ., concur.