NO. 4-05-1027      Filed 8/2/06

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | |
|---|---|
| QUINCY SCHOOL DISTRICT NO. 172, | ) Direct Administrative |
| Petitioner-Appellant, | )  Review of the |
| v. | ) Illinois Educational |
| THE ILLINOIS EDUCATIONAL LABOR | )  Labor Relations Board |
| RELATIONS BOARD and QUINCY | ) No. 01-CA-0035-S |
| EDUCATIONAL ASSOCIATION, LOCAL NO. | ) |
| 809, IFT/AFT, AFL-CIO, | ) |
| Respondents-Appellees. | ) |

_____

PRESIDING JUSTICE TURNER delivered the opinion of the court:

Petitioner, Quincy School District No. 172 (School District), seeks direct review of a November 2005 order of the Illinois Educational Labor Relations Board (IELRB), finding the School District had violated section 14(a)(1) of the Illinois Educational Labor Relations Act (Labor Act) (115 ILCS 5/14(a)(1) (West 2004)) as alleged in the August 2001 unfair-labor complaint filed by the Quincy Educational Association, Local No. 809, IFT/AFT, AFL-CIO (Association).

On review, the School District argues (1) the IELRB erred in not following this court's directive to hold a hearing on the merits following remand and (2) the IELRB erred in not holding the Association had waived or was estopped from bringing a motion to deem all allegations of the complaint admitted. We reverse and remand.

## I. BACKGROUND

In January 2001, the Association filed an unfair-labor-practice charge with the IELRB, asserting the School District had violated the Labor Act by failing and refusing to submit a grievance to arbitration as demonstrated by the School District's filing of a lawsuit to enjoin a scheduled arbitration hearing. On August 8, 2001, the IELRB's executive director issued a complaint and notice of hearing.  On August 28, 2001, the School District filed its answer, along with a motion for leave to file the answer one day out of time.

In January 2002, an administrative law judge (ALJ) denied the School District's motion for leave to file a late answer.  In its July 2002 recommended decision and order, the ALJ found the School District's answer was in fact late and the School District failed to show "good cause" for the late filing.  Because of the School District's failure to file a timely answer, the ALJ deemed admitted the complaint's allegations.  In doing so, the ALJ saw no need to require the Association to file a motion to have the complaint's allegations deemed admitted.

In January 2003, the IELRB affirmed the ALJ's recommended decision and order, finding, <u>inter</u> <u>alia</u>, the School District had failed to show "good cause" for its filing an untimely answer, and thus it need not address whether the School District presented a meritorious defense.  The IELRB also found

˘ 2 ˘

the Association's response to the School District's motion to reconsider, in which it only argued the School District should not be granted leave to file a late answer, was the equivalent of a motion to have the complaint's allegations deemed admitted. Thus, the IELRB deemed admitted the complaint's allegations and then found the School District had violated section 14(a)(1) of the Labor Act. Based on that violation, the IELRB ordered the School District to cease and desist from certain actions and to take certain affirmative actions. The School District's appeal followed.

This court affirmed in part, reversed in part, vacated in part, and remanded the cause to the IELRB for further proceedings. Quincy School District No. 172 v. Illinois Educational Labor Relations Board, No. 4-03-0181 (March 2, 2004) (unpublished order under Supreme Court Rule 23). We affirmed the IELRB's holding that good cause did not exist for the School District's late answer. However, we reversed the IELRB's decision deeming the complaint's allegations admitted even though no motion had been filed, finding the IELRB's interpretation of section 1120.30(d)(3) of Title 80 of the Administrative Code (80 Ill. Adm. Code §1120.30(d)(3) (Conway Green CD-ROM January 2001) (eff. January 5, 1990)) was clearly erroneous, arbitrary, and unreasonable. Specifically, we noted section 1120.30(d)(3) expressly required a party to file a motion when seeking to have the

allegations of a complaint admitted when the other party failed to file a timely answer. As the Association never sought to have the complaint's allegations deemed admitted, the IELRB's interpretation of section 1120.30(d)(3) would render the "[o]n motion of a party" language meaningless. Thus, we reversed the IELRB's finding that the complaint's allegations should be deemed admitted and vacated that portion of its order based on the admission of the allegations. We then concluded as follows:

> "Since no party filed a motion to have the complaint's allegations deemed admitted, we remand the cause for a hearing on the merits." Quincy School District No. 172, slip order at 14.

This court issued its mandate on March 30, 2004.

On April 21, 2004, the Association filed a motion pursuant to section 1120.30 to deem the allegations of the complaint admitted. On April 26, 2004, the IELRB ordered the case remanded to the ALJ for a hearing on the merits. On April 29, 2004, the ALJ ordered the School District to show cause why the Association's motion should not be granted. In May 2004, the ALJ granted the Association's motion and recommended that the allegations of the complaint be deemed admitted.

In November 2005, the IELRB, in a 3 to 2 decision, affirmed the ALJ's recommended decision and order. The IELRB

majority concluded the ALJ correctly declined to conduct a hearing on the merits and instead determined that the School District had admitted to violating section 14(a)(1) of the Labor Act by failing to file a timely answer to the complaint. The majority acknowledged this court's order requiring a hearing on the merits "[s]ince no party filed a motion to have the complaint's allegations admitted." However, the IELRB read this court's "direction to have a hearing on the merits was conditioned on the fact that no such motion had been filed." Since the Association filed a motion to have the allegations of the complaint deemed admitted after this court's order was handed down, "a ruling that there should be no hearing on the merits because the [Association] has filed a motion to have the allegations of the [c]omplaint be deemed admitted does not conflict with the [a]ppellate [c]ourt's ruling."

The IELRB also responded to the School District's argument that the Association waived or was estopped from having the allegations in the complaint deemed admitted because the Association delayed in filing its motion and stated during a January 15, 2002, conference call that it had no other motions to raise. The IELRB found the Association filed its motion "with reasonable promptness" after this court's decision and before the Association received the IELRB's order scheduling a hearing. In finding the School District admitted the allegations of the

5

complaint by failing to file a timely answer, the IELRB concluded the School District violated section 14(a)(1) of the Labor Act by refusing to arbitrate the grievance.

Two members of the IELRB dissented, pointing out this court specifically stated "we remand the cause for a hearing on the merits."  The dissenting members found this court's direction to be "clear and specific" and stated the majority's decision would invite "further litigation over this issue and resulting delay."  This appeal followed.


II. ANALYSIS

The School District argues the IELRB erred in ignoring the express directive of this court to hold a hearing on the merits on remand.  We agree.

A. Standard of Review

When a trial court or other tribunal is told to proceed in conformity with the appellate court's mandate, those tribunals "should consult the opinion to determine what the mandate requires."  Emerald Casino, Inc. v. Illinois Gaming Board, No. 1-05-2319, slip op. at 10 (June 13, 2006), ___ Ill. App. 3d ___, ___, ___ N.E.2d ___, ___.  After remand, the tribunal "is required to exercise its discretion within the bounds of the remand.  Whether it has done so is a question of law."  Clemons v. Mechanical Devices Co., 202 Ill. 2d 344, 351, 781 N.E.2d 1072,

1078 (2002).  Thus, whether the IELRB complied with our mandate is subject to de novo review.  See Clemons, 202 Ill. 2d at 352, 781 N.E.2d at 1078; People ex rel. Department of Transportation v. Firstar Illinois, No. 2-05-0392, slip op. at 4 (May 18, 2006), ___ Ill. App. 3d ___, ___, ___ N.E.2d ___, ___.

### B. The IELRB's Decision on Remand

The appellate court's mandate is its judgment, which, "upon transmittal to the trial court, vests the trial court with authority only to take action that conforms with the mandate." In re Marriage of Ludwinski, 329 Ill. App. 3d 1149, 1152, 769 N.E.2d 1094, 1098 (2002).  A tribunal "must follow the specific directions of the appellate court's mandate to the letter to insure that its order or decree is in accord with the decision of the appellate court."  Ludwinski, 329 Ill. App. 3d at 1152, 769 N.E.2d at 1098.

>    "'The correctness of the trial court's
>    action on remand is to be determined from the
>    appellate court's mandate, as opposed to the
>    appellate court opinion.  [Citations.]  How-
>    ever, if the direction is to proceed in con-
>    formity with the opinion, then, of course,
>    the content of the opinion is significant.
>    [Citations.]  In construing the language,
>    matters which are implied may be considered

embraced by the mandate.  [Citation.]  The

trial court may only do those things directed

in the mandate.  [Citations.]  The trial

court has no authority to act beyond the

dictates of the mandate.  Thus, the control-

ling question in the appeal from the remand

in this case is whether the trial court com-

plied with the mandate.'"  Aardvark Art, Inc.

v. Lehigh/Steck-Warlick, Inc., 284 Ill. App.

3d 627, 630-31, 672 N.E.2d 1271, 1275 (1996),

quoting PSL Realty Co. v. Granite Investment

Co., 86 Ill. 2d 291, 308-09, 427 N.E.2d 563,

571 (1981).

In the case sub judice, this court's mandate stated as

follows:

"It is the decision of this court that

the order on appeal from the Illinois Educa-

tional Labor Relations Board be AFFIRMED IN

PART, REVERSED IN PART, VACATED IN PART, and

the cause be REMANDED to the Board for fur-

ther proceedings as more fully set forth in

the order of this court, a copy of which is

attached hereto."

In the last sentence of the order prior to the conclusion sec-

˅ 8 ˅

tion, this court stated: "Since no party filed a motion to have the complaint's allegations deemed admitted, we remand the cause for a hearing on the merits." Quincy School District No. 172, slip order at 14.

The mandate in this case directed the IELRB to conduct further proceedings as stated in our order. That order required a hearing on the merits to be conducted on remand. "[W]hen a reviewing court remands a cause with specific directions, they must be followed exactly." County of Menard v. Illinois State Labor Relations Board, 202 Ill. App. 3d 878, 883, 560 N.E.2d 1236, 1238 (1990); see also Stuart v. Continental Illinois National Bank & Trust Co. of Chicago, 75 Ill. 2d 22, 28, 387 N.E.2d 312, 314 (1979) ("Precise and unambiguous directions in a mandate must be obeyed"); Berry v. Lewis, 27 Ill. 2d 61, 62-63, 187 N.E.2d 688, 689 (1963); Harris Trust & Savings Bank v. Otis Elevator Co., 297 Ill. App. 3d 383, 387, 696 N.E.2d 697, 700 (1998); Independent Voters of Illinois v. Illinois Commerce Comm'n, 189 Ill. App. 3d 761, 767, 545 N.E.2d 557, 560 (1989); County of La Salle ex rel. Peterlin v. Pollution Control Board, 146 Ill. App. 3d 603, 608-09, 497 N.E.2d 164, 168 (1986) (When "the mandate of a court of review is precise and unambiguous, the mandate must be followed by the tribunal to which it is issued"); Jones v. Board of Fire & Police Commissioners of the Village of Mundelein, 127 Ill. App. 3d 793, 805, 469 N.E.2d 393, 402 (1984)

˅ 9 ˅

("[a]fter a judgment is reversed and the cause is remanded, the inferior tribunal can take only such further proceedings as conform to the judgment of the appellate tribunal").  The language in this court's mandate and order was clear, specific, and binding.  The IELRB erred in not holding a hearing on the merits consistent with our order.

In its decision and now in its appellate brief, the IELRB contends a hearing on the merits was no longer necessary since the Association filed a motion to have the complaint's allegations admitted after this court's order was handed down.  However, the IELRB's interpretation of our directive was erroneous.  This court did not say that "unless a party files a motion in the future to have the complaint's allegations deemed admitted," a new hearing must be conducted on remand.  The "[s]ince no party filed a motion" language does not lend itself to any discretionary action or future filing.

The IELRB also argues this court's order did not preclude the filing of an appropriate motion by the Association.  However, the reasons for the rule that the directions in the court's mandate must be obeyed is "that it would be impossible to negate every conceivable issue in an opinion and that a decision which failed to exclude a particular result did not include it by implication."  City of Springfield v. Allphin, 82 Ill. 2d 571, 574-75, 413 N.E.2d 394, 396 (1980).  The language in the order,

in effect, foreclosed the filing of a motion and specifically required the matter proceed to a hearing on the merits. If the IELRB was dissatisfied with this court's previous order to hold a hearing on the merits, it could have petitioned for a rehearing or appealed to the Supreme Court of Illinois. See Foster v. Kanuri, 288 Ill. App. 3d 796, 799, 681 N.E.2d 111, 114 (1997).

"When an appellate court reverses and remands the cause with a specific mandate, the only proper issue on a second appeal is whether the trial court's order is in accord with the mandate." Foster, 288 Ill. App. 3d at 799, 681 N.E.2d at 113-14. We hold the IELRB's decision was not in accord with our mandate. Thus, that decision must be reversed, and this cause must be remanded once again for a hearing on the merits. Because of our resolution of this issue, we need not address the School District's remaining argument on appeal.

### III. CONCLUSION

For the reasons stated, we reverse the IELRB's order and remand the cause for a hearing on the merits.

Reversed and remanded.

STEIGMANN and MYERSCOUGH, JJ., concur.