2018 IL App (1st) 172854
No. 1-17-2854
Opinion filed December 26, 2018

Second Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| JEFF ARNOLD, d/b/a ARNOLD FAMILY CHIROPRACTIC, Individually and as the Representative of a Class of Similarly Situated Persons,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>KAPRAUN, P.C., and DR. MICHAEL KAPRAUN,<br><br>    Defendants-Appellees. | Appeal from the Circuit Court<br>  of Cook County.<br><br><br><br>No. 11 CH 5322<br><br><br>The Honorable<br>Anna Helen Demacopoulos,<br>Judge, presiding. |

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Presiding Justice Mason and Justice Pucinski concurred in the judgment and opinion.

**OPINION**

¶ 1 Once the statute of limitations tolls for absent class members, when does the statute begin to run again after the appellate court reverses the order of certification and the supreme court denies the petition for leave to appeal? Immediately from the date of the appellate court's original judgment? From the date of the supreme court's denial of the petition for leave to appeal (PLA)? From the date the clerk of court issued the mandate? Or from some other date? We hold that the statute of limitations resumed the day the supreme court denied the PLA. Accordingly,

the intervening plaintiff waited too long to move to intervene, and we affirm the trial court's dismissal. Our decision obviates the need to consider plaintiff's remaining arguments on appeal.

¶ 2                                                    Background

¶ 3        We discuss the facts most pertinent to our decision.

¶ 4        On March 2, 2006, and again in September 2006, defendants Kapraun, P.C., and Dr. Michael Kapraun and others allegedly "faxed" an unsolicited one-page advertisement to 7877 recipients without express permission or invitation. The original complaint, filed on July 7, 2009, tolled the statute of limitations. The complaint alleged violations of the federal Telephone Consumer Protection Act of 1991 (TCPA) (47 U.S.C. § 227 *et seq.* (2012)) and common law conversion and did not name Dr. Michael Kapraun and Kapraun, P.C., as defendants. Six months later, the complaint was amended to add Kapraun and Kapraun, P.C., as defendants. The plaintiff's attorneys, however, voluntarily dismissed that lawsuit and, at the same time, filed a new class action with Byer Clinic serving as plaintiff.

¶ 5        In June 2011, Byer Clinic voluntarily dismissed all the defendants except Dr. Kapraun and Kapraun, P.C. Thereafter, the trial court certified a class of recipients of Kapraun's faxes and appointed Byer Clinic as class representative. Kapraun appealed to this court under Illinois Supreme Court Rule 306(a)(8) (eff. Feb. 16, 2011).

¶ 6        On January 19, 2016, we issued *Byer Clinic & Chiropractic, Ltd. v. Kapraun*, 2016 IL App (1st) 143733, reversing class certification because Byer Clinic & Chiropractic, Ltd. (Byer Clinic) (i) lacked the ability to fairly and adequately protect the interest of the class and (ii) did not satisfy the commonality requirement for certification as the class representative. We remanded to the trial court for further proceedings, since Byer Clinic's individual action remained viable.

¶ 7        Byer Clinic petitioned for leave to appeal to the Illinois Supreme Court. The PLA was denied on May 25, 2016. The clerk of the appellate court issued the mandate on July 5, 2016.

¶ 8        On August 22, 2016, Jeff Arnold petitioned for leave to intervene as class representative for the recipients of the March 2006 faxes. On February 24, 2017, Kapraun moved to dismiss the complaint under section 2-619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(5) (West 2016)), arguing mootness and the statute of limitations, and to strike the class claims under section 2-615 of the Code. *Id.* § 2-615. After a hearing, the trial court found the statute of limitations resumed running on May 25, 2016, the date of the denial of the PLA, which left 64 days before the four-year statute of limitations on TCPA violations expired. Arnold's August 22 petition to intervene was filed 89 days after the denial of the PLA. The trial court dismissed the complaint for expiration of the statute of limitations.

¶ 9                                          Standard of Review

¶ 10        We review a dismissal under section 2-619 *de novo*. *Mabry v. Village of Glenwood*, 2015 IL App (1st) 140356, ¶ 12; 735 ILCS 5/2-619 (West 2016).

¶ 11                                              Analysis

¶ 12                    Impact of Appellate Court's Decertification of Class

¶ 13        In *Byer Clinic*, 2016 IL App (1st) 143733, this court found the purported class representative, Byer Clinic, failed to meet the adequacy requirement. We entered a judgment reversing the trial court's class certification order and remanded to the circuit court. Arnold now argues, in conclusory fashion, that the class remained certified, even though it lacked a class representative, and, therefore, the statute of limitations remained tolled. Arnold claims that we "*implicitly* contemplated a remand for substitution of an adequate class representative." (Emphasis added.). To the contrary, the opinion explicitly states, "[w]e find that the trial court

-3-

abused its discretion in certifying the [Byer] Clinic as the class representative," and the judgment line specifies "[r]eversed," which had to apply to the only order before us, the trial court's order certifying a class with Byer Clinic as class representative. *Id.* ¶¶ 29, 33.

¶ 14    In Illinois, there are four criteria for maintaining a class action lawsuit: (i) numerosity, (ii) common questions of law or fact, (iii) adequacy of the representative parties, and (iv) appropriateness. 735 ILCS 5/2-801 (West 2016). The party seeking class certification bears the burden of establishing the existence of all four prerequisites before a class may be certified. *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 167 (2005); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (holding federal equivalent of Illinois class action rule is not "a mere pleading standard"); see *Wheatley v. Board of Education of Township High School District 205*, 99 Ill. 2d 481, 486 (1984) ("the court must find the prerequisites present before it can sanction the maintenance of the suit as a class action" (citing *McCabe v. Burgess*, 75 Ill. 2d 457, 463-64 (1979))). So our removal of Byer Clinic for having failed to satisfy the adequacy of representation requirement meant the class no longer existed as it had no adequate representative.

¶ 15    We agree with the trial court's observation that Arnold offered "[n]o authority for the proposition that a class may be 'mostly' or 'partly' certified." Neither we nor the trial court know of any authority for Arnold's argument, and Byer Clinic cites none in its briefs. Simply put, without a class representative, no certified class exists under Illinois law.

¶ 16                                    Statute of Limitations

¶ 17    We turn to the question of when the statute of limitations resumed. The four-year statute of limitations in 28 U.S.C. § 1658(a) (2012) applies to TCPA claims. See *Wellington Homes, Inc. v. West Dundee China Palace Restaurant, Inc.*, 2013 IL App (2d) 120740, ¶ 43 ("Illinois

state courts must apply the four-year federal catchall statute of limitations to private TCPA claims."). The filing of a class action tolls the statute of limitations for putative class members " 'until class certification is denied.' " *Mabry*, 2015 IL App (1st) 140356 ¶ 20 (quoting *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983)).

¶ 18　　　　The appellate court's decision is its judgment. *Quincy School District No. 172 v. Illinois Educational Labor Relations Board*, 366 Ill. App. 3d 1205, 1208-09 (2006). **"**Judgments of the appellate court are operative from the time of their entry until they are arrested either by the appellate court in an appropriate order or by writ of *certiorari* issuing from the supreme court, or a reversal or modification by the supreme court." *Hickey v. Riera*, 332 Ill. App. 3d 532, 542 (2001) (citing *Upton v. Swedish American Hospital*, 157 Ill. App. 126, 128 (1910)).

¶ 19　　　　Illinois Supreme Court rules afford the losing party on appeal the opportunity to file a petition for rehearing. Illinois Supreme Court Rule 367 (eff. Jan. 1, 2015) allows a petition for rehearing to be filed within 21 days after the judgment; once the appellate court has acted on a petition for rehearing, no further petitions for rehearing are allowed. Also applicable is Illinois Supreme Court Rule 315(b) (eff. July 1, 2006):

> "If a timely petition for rehearing is filed, the party seeking review must file the petition for leave to appeal within 35 days after the entry of the order denying the petition for rehearing. If a petition for rehearing is granted, the petition for leave to appeal must be filed within 35 days of the entry of the judgment on rehearing."

¶ 20　　　　If no petition for rehearing is filed, a petition for leave to appeal to the supreme court from the appellate court "may be filed by any party, including the State, in any case not appealable from the Appellate Court as a matter of right." Ill. S. Ct. R. 315(a) (eff. July 1, 2006). The petition must be filed within 35 days of the entry of the judgment. Ill. S. Ct. R. 315(b) (eff.

July 1, 2006). (Again, if a petition for rehearing is filed and granted, the 35-day limit also applies, counting from the entry of the judgment on rehearing).

¶ 21    The mandate of a court of review is the transmittal of the judgment of that court to the circuit court that revests the circuit court with jurisdiction. *PSL Realty Co. v. Granite Investment Co,*, 86 Ill. 2d 291, 304. In other words, the circuit court's jurisdiction requires a mandate. *Hickey*, 332 Ill. App. 3d at 542-43; see *People v. Chapman*, 2018 IL App (1st) 163045, ¶ 4 ("After the filing of a notice of appeal and prior to the filing of the appellate court's mandate, the circuit court lacks jurisdiction to enter any order of substance in the cause."). The mandate is stayed automatically only if the petition is filed before the mandate issues (Ill. S. Ct. R. 368(b) (eff. July 1, 2006)). But even in a situation where the mandate has issued before the 35-day limit, a party could still timely file a petition for leave to appeal to the supreme court.

¶ 22    Once the mandate is filed in the circuit court, that court is revested with jurisdiction until a higher court stays the issuance of the mandate or recalls it. *In re Estate of Grabow*, 74 Ill. App. 3d 336, 340 (1979). When a party files a petition for leave to appeal to the supreme court, the reviewing court may stay the issuance of or recall the mandate "until the time for seeking review by the Supreme Court expires, or if review is timely sought, until it is granted or refused, or if review is granted, until final disposition of the case by the Supreme Court." Ill. S. Ct. R. 368(c) (eff. July 1, 2006).

¶ 23    The date the mandate issues, however, has no bearing on the finality of the judgment, which fixes on the date of the appellate decision. *PSL Realty Co.*, 86 Ill. 2d at 305 ("The date of the issuance of the mandate does not control the effective date of the appellate court judgment."); *Chapman*, 2018 IL App (1st) 163045, ¶ 4 (appellate court's judgment becomes final when entered but filing mandate reinvests jurisdiction in circuit court). Arnold did not petition this

court for a rehearing. But he did petition for leave to appeal to the supreme court. The trial court was correct when it found that the statute began to run on May 25, 2016, when the PLA was denied. Arnold then had 64 days to file his petition, but he waited 89 days to file.

¶ 24 Knowing that the statute of limitations would bar the claim in 64 days, counsel for Arnold had options. Here are three. After the supreme court denied the PLA, they could have moved in the appellate court to expedite the issuance of the mandate. As they had done with Byer Clinic, they could have filed a separate class action with Arnold as the putative class representative. Or they could have filed more promptly after the mandate issued.

¶ 25 The appellate court mandate issued on July 5, revesting the circuit court with jurisdiction. Even if Arnold waited until after the mandate issued, he still would have had about three weeks of daylight before the sun set on his claim, ample time. The trial court's dismissal was proper.

¶ 26 Affirmed.